## DAIMOUTH vs. BENNETT.

Money paid for the purpose of settling or compounding a prosecution for a supposed felony, cannot be recovered back, by the party paying it.

A contract to drop a prosecution for a felony, in consideration of a sum of money to be paid, and the payment of the money in pursuance of it, are immoral and illegal. And if the money is paid by a third person, he is a *particeps criminis.*

If a contract be evil in itself, involving criminality and moral turpitude, neither party can have any remedy against the other ; nor can money paid upon such contract be reclaimed, at law or in equity.

THIS action was originally brought in a justice's court. The plaintiff alleged in his complaint that the defendant was justly indebted to him in the sum of thirty dollars, for money had and received by the defendant to the plaintiff's use. The answer denied the indebtedness, and set up matters of defense upon the merits. The justice rendered judgment in favor of the plaintiff, for the amount claimed, with costs. This judgment was affirmed by the county court. The facts of the case are as follows : The plaintiff's son William was charged by the defendant with having passed to him a ten dollar counterfeit or altered bank note ; a warrant had been issued against him, and he had been arrested on said charge. While he was under such arrest,

the parties to this action made an agreement, by which the plaintiff promised to pay and did pay the defendant thirty dollars, to settle the criminal prosecution against the plaintiff's son, on said charge. The defendant, in consideration thereof, agreed to let the prisoner go and not to prosecute him further on said charge, and he was accordingly discharged. Prior to commencing this action, the plaintiff called on the defendant and demanded the repayment of the thirty dollars. It also appeared from the testimony of the plaintiff's son William, that he never passed the bill to the defendant; neither had he passed any bill to him, or paid him any money at any time prior to said complaint. There was no conflict of evidence in the case. When the plaintiff closed his proof, the defendant moved for a nonsuit, on the ground that the plaintiff had failed to make out a legal cause of action, which was denied. .

*D. J. Sunderlin,* for the plaintiff.

*Jos. F. Babbett,* for the defendant.

*By the Court,* CRIPPEN, P. J. This case presents the single point, whether money paid for the purpose of settling or compounding a supposed felony can be recovered back by the party paying it. It was insisted by the plaintiff's counsel that there is no statute, or principle of the common law, declaring the payment of money to compound a felony a crime, in the party thus paying the money; that it is the taking or receiving of the money, and not the payment of it, that constitutes the offense. It is true that the statute only declares the party guilty of a crime, who knowing of the actual commission of a felony, shall take any money or property of another, upon an agreement or undertaking to compound or conceal such felony or crime, or to abstain from any prosecution thereof. (2 *R. S.* 4th ed. 871, § 18, *also page* 875, § 12.)

The offense of compounding a crime *created by statute,* is undoubtedly confined to the party receiving the money or property, and does not extend to the party paying it. This position

Daimouth v. Bennett.

of the plaintiff's counsel, however, falls far short of reaching the whole difficulty in his case. Another important principle is involved, which to my mind is a conclusive answer to this action. The contract made between the parties, and the payment of the money under it, was immoral and illegal. The statute above cited declares the party *receiving* the money under such circumstances a criminal. The common law declares all contracts to do acts that are indictable or punishable criminally, to be illegal and void. It is a fundamental rule of the common law, that whenever a contract is illegal as against morality or public policy, neither a court of law nor a court of equity will interpose to grant relief to the parties thereto. It is manifest that the contract under which the plaintiff paid his money to the defendant, was *malum in se*, involving criminality and moral turpitude; it rendered the defendant liable to indictment and criminal punishment. If a contract be evil in itself, involving criminality and moral turpitude, neither party to such contract can have any remedy against the other; nor can money paid upon such contract be reclaimed by law or in equity. (*Story on Cont.* §§ 489, 490.) The same author also lays down the rule of law, that if a sum of money be paid by way of compounding a felony, it cannot be recovered back, on a refusal of the other party to perform his part of the contract; nor can an action be maintained to enforce the performance of such contract. If the money cannot be recovered back for a refusal of the party receiving it to perform his part of the agreement, it would seem very clearly to follow, that where the contract has been fully performed as agreed upon between the parties, no action can be maintained to recover back the money. No proof was given on the trial that the defendant did not keep his agreement with the plaintiff. It appeared that nothing further was done with the criminal prosecution against the plaintiff's son; the payment of the money by the plaintiff to the defendant, put an end to the whole matter; the strong arm of the law was paralized thereby, and the plaintiff's son was discharged from the arrest on the warrant.

Where a contract is *malum prohibitum*—merely evil because

it is prohibited by statute, and does not involve any moral turpitude or criminality—one party may have a remedy against the other, unless they are *in pari delicto*. But no relief will be granted even in such a case if the parties are both involved in moral guilt. Agreements to do acts which are indictable or punishable criminally, or to conceal or compound such acts; or to suppress evidence in a criminal prosecution, are utterly void. (*Story on Cont.* § 569.) Also all agreements which contravene public policy are void, whether they be in violation of law or morals, or obstruct the prospective objects flowing from some positive legal injunction. (*Story on Cont.* § 545.)

The money paid by the plaintiff to the defendant was intended to obstruct, and as the proof shows, did in fact obstruct and put an end to the prosecution of the plaintiff's son, who had been accused and even arrested for a high crime. The plaintiff was a party to the agreement; he paid the money to the defendant; he was a *particeps criminis* with the defendant, connected with him in committing an act declared by statute to be criminal, and which subjected the defendant, if not the plaintiff, to criminal punishment.

Whenever a contract is forbidden by the common law or by statute, no court will lend its aid to give it effect. (*Chitty on Cont.* 570.) The same author also says that an agreement for suppressing evidence, or stifling or compounding *a criminal prosecution, or proceeding for a felony or for a misdemeanor of a public nature,* is void. (*Chitty on Cont.* 582.) It matters not whether the plaintiff's son was guilty or innocent of the charge made against him by the defendant; he had been arrested on a criminal warrant, charging him with a felony; while thus a prisoner the plaintiff compounded the offense and stifled the prosecution, by the payment to the defendant of the money now sought to be recovered back in this action. It was undoubtedly immoral, nay, criminal in the defendant to take the plaintiff's money under the agreement upon which it was paid to him; this, however, furnishes no legal ground to the plaintiff for recovering back the money. He is too deeply implicated in the wrong committed, by compounding the alleged felony, to

Daimouth v. Bennett.

command the aid of the law and of the courts, in restoring him
to what he has wrongfully and foolishly paid to the defendant.
There were some cases at an early day which seemed to hold
the doctrine that where a party paid money upon an illegal
transaction, he might recover it back again in an action for
money had and received. But it has been holden in numerous
cases, both in England and in this country, that in cases where
money has been paid upon a consideration like that established
by the proof in this case, it cannot be recovered back in an
action for money had and received. In the cases of *Smith* v.
*Bromley*, (*Doug.* 696,) and *Browning* v. *Morris*, (*Cowp.* 790,)
Lord Mansfield decided that where certain acts were declared
unlawful by statute, intended to protect the unwary and the
ignorant from the oppression and extortion of the more design-
ing and cunning, there, although both parties were guilty of
violating the law, yet they are not equally guilty; and in such
cases the money might be recovered back by the party from
whom it had been extorted, as in case of taking usury, &c.
The learned judge also says that these cases are distinguish-
able from those which have held that money paid on account of
the immorality of the consideration, involving moral turpitude,
or hostile to public policy, cannot be recovered back. There are
many cases which maintain the doctrine, and such no doubt is
the settled law, that where a contract is made having for its ul-
timate purpose and intent, to aid in violating a positive law or
principle of public policy, or to commit a breach of good morals,
the courts will not assist in enforcing it, whatever may seem to
be the justice of it as between the parties. In such a case the
courts treat both parties as having trodden upon forbidden
ground, equally in the wrong, and as being unworthy alike to
ask for or receive their aid. In this case the parties delibe-
rately agreed to violate the laws of the land; the plaintiff by
paying and the defendant by receiving the sum of thirty dollars
to compound an alleged felony; to stifle and discontinue a pros-
ecution already commenced against the accused, for a high
crime. A party who thus illegally and improperly pays away
his money, and afterwards repents of his folly, and attempts by

an action to recover it back, cannot receive the aid of a court of justice in such attempt.

I have come to the conclusion, from a careful examination of this case, that the plaintiff failed in establishing a legal cause of action against the defendant. The judgment of the justice's court and of the county court must be reversed, with costs of the appeal in the county court and in this court.