## SUPREME COURT.

DAVID CONDERMAN, respondent, agt. JAMES R. TRENCHARD, SIMEON LUTHER, CAMERON WEBB, JOHN BAKER and MATHEW PHELPS, appellants, Impleaded with JAMES E. HICKS.

Where a person was arrested and committed to jail, on a charge of obtaining property by false pretences, and before his examination, several persons agreed with the complainant to give him their note, for the amount of his claim, and including also constable's fees, together with some other items the prisoner owed some other parties, which the claimant was to assume, and have the prisoner released, so that he could go to work and earn enough to pay up the note, and this arrangement was consummated, and the prisoner accordingly released:

*Held,* that the note was *void,* on the ground that it was given upon a corrupt agreement to *settle or compound a crime, and to abandon a pending criminal prosecution.*

It was not necessary for the defendants, who gave the note, to prove that the complainant, *in terms,* agreed to compound the crime, in order to render invalid the note. If it is apparent that such was the intention of the parties, and the agreement was such as to carry out that intent, it is enough.

*Fourth Department, General Term.*

*Submitted at June Term,* 1870 *at Buffalo.*

*Decided at September Term,* 1870, *at Rochester.*

*Present, Hon.* JOSEPH MULLIN, *Presiding Justice, Hon.* THOMAS A. JOHNSON, *and Hon.* JOHN L. TALCOTT, *Associate Justices.*

THIS action was brought to recover the amount of a note for $150 70, given to one George W. Sherwood, by the defendants, which note was not negotiable, but was transferred to the plaintiff for a valuable consideration, before it became due. The facts set out in the defendant's answer in reference to this note, and established upon the trial of the action, were as follows: On the 13th of January, 1869, one of the defendants James E. Hicks, was

charged on the oath of Sherwood, the payer in the note, with having about the month of December previous, obtained from him, Sherwood, certain board, and, livery hire, for himself and other persons, amounting to $69, by the false pretense that he, Hicks was engaged in buying wood and railway ties, and that he then had a quantity on hand. That such charge by Sherwood, which was in the usual form of a complaint, was delivered to a justice of the peace of Steuben county, and a warrant in the usual form issued thereon against Hicks; and that Hicks was arrested thereon, on the 17th of January, 1869, and brought before the said justice, and he then asked for ten days' time before he had an examination, which was granted, and Hicks was confined in the lockup at Hornellsville, to await such examination. That while so in confinement, the other defendants, agreed to and with Sherwood, to give the note in suit, being for the said $69, and $42 50 constables fees, incurred upon said warrant, together with some other items that Hicks owed other parties, which Sherwood was to assume, and have Hicks released, so that he could go to work, and earn enough to pay up the note. The cause was tried before a referee who found for the plaintiff, but found as matters of fact, among other things, as follows: "That on the said 27th day of January, 1869, the defendants and said Sherwood entered into an arrangement by which the said defendants should sign and deliver to Sherwood the instrument upon which this action is brought to secure the payment of Hick's indebtedness to Sherwood, together with some other items which Sherwood had become responsible for, and upon so doing, Hicks should be released, so that he could go to work, and pay the matter up, and that the said agreement was carried out so far as executing and delivering the instrument by the defendants, but not paid by said Hicks. That on the delivery of said executed agreement, said Hicks was discharged, and no further proceedings were had in the premises. That there was no

agreement on the part of said Sherwood, to settle or compound the crime for which the said Hicks was arrested.

I find as concluisions of law, that the plaintiff is entitled to recover of the defendants the amount mentioned in said instrument, being $150 70 less $30, with interest on $120 70, from the 28th day of April, 1869, amounting to the sum of $128 18, and I direct judgment to be entered for $128 18."

From the conclusions of law found by the said referee in his said report, and from the judgment entered therein, the defendants appealed to the general term of this court.

BEMIS and NEAR, *for appellants.*

I. This action was brought by the plaintiff (respondent) upon a note not negotiable. He must, therefore, be treated as the holder by assignment of a chose in action, and the instrument subject to all the defenses that could have been made upon suit brought by the payee. (*Code, Sec.*, 112.)

II. The defense to this instrument, relied upon in the answer and upon the trial, was, and upon this appeal is, that it was given upon the agreement that a criminal prosecution, then pending against the defendant Hicks, should be abandoned and the prisoner released upon the making and delivery of this instrument to Sherwood, the payee, and that such agreement was carried out so far as to work the immediate release of Hicks.

The facts established, without dispute or question, are as follows :

*First,* That at the time of making the note, Hicks had been arrested upon a criminal warrant issued upon complaint or oath of the payee, Sherwood, and was then in actual confinement, awaiting examination; and this on a charge which the statute makes punishable by imprisonment in the state prison.

*Second.* That while Hicks was so in custody, the arrangement was made by which the defendants were to give this note to procure his *release,* and the abandonment of such prosecution, and that upon giving it, the prosecution was immediately at an end, and the prisoner set at liberty. The referee finds that this arrangement mas *made* and carried out.

The undisputed facts are still more explicit than the report of the referee.

Witness, Phelps testifies to the agreement before the making of the note, and is not disputed as to what took place before they went to the justice's office. Webb, Baker and Morse, all testify to the character of the agreement. The witness, James W. Sherwood, called by the plaintiff, testifies that some of them, " proposed to give a note to George, and *release* Hicks, so he could go to work."

*Third.* That the constable's costs, $42 50, for serving the criminal process went into the note, all the witnesses agree, with other extortionate items, such as looking after him before the arrest, &c.

III. These facts being established, it follows that the instrument upon which the action was brought was void. It was given to stop or stifle a pending prosecution for an alleged crime. It was an agreement tending to the preven tion of justice. ( *Steuben County Bank* agt. *Mathewson,* 5 *Hill,* 249 ; 15 *Barb.,* 541, 544.)

" Any contract which can impede or prevent the course of public justice, is void." ( *Chitty on Contracts,* 673.)

" An agreement in consideration of suppressing evidence, or stifling or compounding a criminal prosecution for a felony, or a *misdemeanor of a public nature,* is void." *(Id., and cases there cited.)*

The agreement to settle the cost of the criminal prosecution must give character to the settlement. ( *Chitty on Contracts,* 675 ; 1 *Starkie,* 45 ; 1 *Shepley,* 41.)

By statute, in this state, it is a crime to " take any

money or property of another as a gratuity or reward, or any engagement or promise therefor upon any agreement, or uuderstanding express or *implied*, to compound or conceal any crime, or *abstain from any prosecution therefor.*" This applies to all crimes punishable by imprisonment in the state prison. (2 *R. S.*, 689 ; 1 *Colby, Criminal Law*, 542.)

IV. It cannot be material whether false pretences was felony at common law or not. It is now a high crime, by statute, having the statutory characteristics of a felony— punishment by imprisonment in the state prison. It is an act of great moral turpitude. It is subversive of public justice to allow such a prosecution to be stifled, as much as if it had borne the same legal character for a longer period. The character of the crime is fixed in the juris-prudence of our state, and it cannot be treated as a mere misdemeanor of a private nature by our courts in whatever aspect it may be brought before the judicial tribunal. The cases cited by the respondent, (23 *N. Y.*, 252,) does not involve this question, even by analogy, as it seems to us, and it is respectfully submitted that the doctrine of that case ought not to be extended by inference.

HOLLIDAY *and* BENTON, *for respondent.*

This action is being prosecuted to recover the sum of $150,70, an amount settled upon and agreed to be paid by the terms of a promissory note, or written instrument, bearing date January 27, 1869, executed by the several defendants, and made payable to George W. Sherwood, ninety days after its date, and delivered to him at its date. Before action is brought, and about the month of May, following, such note or indebtedness was sold and transferred to plaintiff for " *a full consideration.*" The consideration of said note was an indebtedness then existing in favor of the payee, and owing by the defendant, Hicks " for board, livery hire, and cash, together with some other items which

Sherwood (the payee) had become responsible for said Hicks."

The defendants, except Hicks, who does not appear in this action, seek to defeat a recovery on the following grounds: That the note in question was made and delivered by the defendants to the payee, upon an unlawful and corrupt consideration ; that the said note was given to settle or compound an alleged felony, for the alleged commission of which defendant, Hicks, was charged, and under arrest, by virtue of a warrant issued by Safford M. Thacher, a justice of the peace, of the town of Hornellsville, in this state, and which had been issued on complaint entered by George W. Sherwood, and that upon the making and delivery of said note, it was agreed by the parties thereto, that defendant, Hicks should be discharged, and that he was accordingly discharged.

This is the only issue in the case of sufficient importance to demand consideration. This issue is one of fact, not of law, and was fairly heard, fully considered, and the facts found against the defendants. The finding of the referee on this issue will be found on page 8, folio 37, and is in the following words: "*Seventh—That there was no agreement on the part of the said Sherwood to settle or compound the crime for which said Hicks was arrested.*" There is abundance of testimony to support this finding. See the evidence of Safford M. Thacher, the justice of the peace, before whom the case was pending, Homer Holliday, George W. Terry, George W. Sherwood and James W. Sherwood, commencing on page 19, folio 93, and concluded on page 24 at folio 119, as well as other portions of the trial. This determination of a question of fact by the referee will not be reviewed by this court, and especially so when the same is clearly sustained by the testimony, and is, therefore, decisive of this appeal.

The complaint and warrant given in evidence on the trial, simply charge the defendant, Hicks, with the alleged

Conderman agt. Trenchard.

commission of a misdemeanor; such at common law, and not a felony or misdemeanor by our statutes.

It being determined that the crime charged in the complaint and warrant is only of the grade of private misdemeanor, and such only at common law, then it is insisted that the parties to the note might lawfully do what the defendants allege in their defense they did do. And that the note, or security, given and representing the indebtedness between Hicks and Sherwood, is a valid demand, not void, or voidable by law, even though it be conceded that it was agreed that upon the execution of said note, Hicks was to be discharged from his arrest. Upon an examination of the authorities cited by the appellants, it will be seen that in every case the *fact* determined was *that there existed a corrupt and unlawful agreement to settle, compound or stifle a prosecution of a crime and felony.* These cases can have no application here, for the reasons already apparent, viz.:

*First.* The fact has been judicially determined by the court, " *that there was no agreement on the part of Sherwood to settle or compound the crime for which Hicks was arrested.*"

*Second.* That the crime charged in the warrant is not of the grade of felony, but a *private misdemeanor* at the common law.

( *See Chitty's Contracts, 3 Amer. Ed. p.,* 220 *and note (f.)* ; 1*st Vol. Chitty's Criminal Law, p.* 2, 5*th Amer. Ed.*; 2*d Vol. same, p.* 219 *and notes*; *The People* agt. *Bishop,* 5 *Wend.,* 112; *People* agt. *Stone,* 9 *Wend.,* 180; *Roscoe's Dig. Cr. Ev.,* 311 ; 1 *Russel,* 136 ; *Bradway* agt. *Le Worthy,* 9 *John.,* 250; *Fassett* agt. *Smith,* 23 *N. Y.,* 252 ; 4 *Black, Com.,* 158 *and note* (2 ;) *People* agt. *Babcock,* 7 *John.* 201.)

The judgment should be affirmed.

*By the court,* MULLIN, P. J.—This action was brought to recover of defendants the amount due on a note made by defendants payable to George W. Sherwood, for $150,70, sixty days from date, and it was dated January 27, 1869.

The note was transferred for a valuable consideration by the payee to the plaintiff.

The defense set up in the answer, and in support of which evidence was given at the trial, was that it was given to compound a felony committed by Hicks, one of the defendants. It appears by the evidence that Hicks had obtained board, and the use of horses and carriages from Sherwood, named as payee in the note, under the false and fraudulent representations that he was engaged in lumbering and buying ties, and that he had bought and paid for large quantities. A complaint was made before a justice of the peace of Steuben county, against said Hicks, who was arrested and brought before the justice issuing the warrant, and the hearing of the said matter, was at his request postponed for ten days, and he was committed for safe-keeping during the ten days to the lock-up in Hornellsville.

Several of the defendants desired to set him at liberty, so that he might go to work, and earn enough to pay the debt to Sherwood, the costs incurred in the proceedings and several small debts due to other persons. Evidence was given on the trial tending to prove that before the note was given, it was agreed that if given, the procedings should cease and Hicks set at liberty. Evidence was also given tending to prove that the note was given in payment of the debts and expenses referred to above, but not for the purpose of compounding the offense with which Hicks stood charged. It was conceded that the prosecution ceased with the giving of the note, and Hicks set at liberty. The referee finds that the defendants and Sherwood entered into an arrangement, by which defendants should sign and deliver to Sherwood the note in question, to secure the payment of Hick's indebtedness to S., together with certain other items for which S. had become responsible, and upon so doing, he Hicks should be released, so that he could go to work, and pay the matter up, and the paper in question, was then signed and

dlivered, and Hicks discharged, and no further proceedings had in the premises. The referee further finds that there was no agreement on the part of Sherwood, to settle or compound the crime for which Hicks was arrested.

*Bishop* in his work on criminal law, (§ 648,) defines compounding crime, as being an agreement with the criminal not to prosecute him.

By the Revised Statues, (*3d Vol. 5th Ed. p.*, 969, § 18 *and* 19, *and by* § 12 *p.*, 973,) it is made a crime for any person having actual knowledge of the commission of a crime, punishable with death, or imprisonment in a state prison, or in a county jail, or by a fine, who shall take money or property of another, or any gratuity, or reward, or any engagement or promise to compound, or conceal such crime, or to abstain from prosecuting, or to withhold evidence; and upon conviction the offender shall be punished, &c. The prohibition of the statute extends beyond the mere agreement, not to prosecute and subjects to punishment those who conceal the crime, or agree to conceal evidence. In *Chitty on Contracts*, (*p.*, 673,) it is said: "Any contract which can prevent or impede the course of public justice, is illegal," and he illustrates the proposition thus: An agreement in consideration of suppressing evidence, or stifling or compounding a criminal prosecntion, or proceed ing for a felony, or misdemeanor of a public nature, as per jury, &c., is void. (*Steuben Co. Bank* agt. *Mathewson*, 5 *Hill*, 252 ; *Coppock* agt. *Bower*, 4 *M. & W.*, 361 ; *Daimouth* agt. *Bennett*, 15 *Barb.*, 541 ; *Porter* agt. *Havens*, 37 *Barb.*, 343 ; *Keir* agt. *Lamon*, 51 *E. C. L.*, 308; *People* agt. *Pease*, 16 *Mass.*, 91 ; *Jones* agt. *Rice*, 18 *Pick.*, 440.)

The important question arising on this appeal is, whether the consideration of the note on which the action is brought, was an agreement to compound a felony, or midemeanor, or to conceal the commission of either, or to withhold evidence in relation thereto, or to do any other act preventing or impeding the course of public justice. Hicks was in

custody on process issued on a criminal complaint, the object of Sherwood, and the persons signing the note was to release him, not after an examination of witnesses to be produced against him, but before and without any examination.

He was to be released so he might go to work, and earn money to pay the note. To obtain this end, the abandonment of the proceedings against him was an essential requisite, and that they were not suspended so as to be revived again, is shown by the fact that the costs of the proceedings were included in the note.

Sherwood was not to appear against him, and he did not. The arrangement was consummated and Hicks released.

It is not necessary for the defendants to prove that Sherwood, in terms agreed to compound a crime, in order to render invalid the note.

If it is apparent that such was the intention of the parties, and the agreement was such as to carry out the intent, it is enough. The person injured by the criminal act of another, in his person or property, may take from the wrong doer, compensation for the wrong. But he must not enter into any agreement to prevent, or stifle a prosecution for the crime. If it was necessary to prove an express agreement to compound the crime, impunity could always be secured, and the suppression and defeat of crim inal prosecutions would be made a source of profit. If the holder of forged paper, may for a consideration surrender it to the forger and retain the price of his iniquity, because, he did not in terms agree not to prosecute the criminal, the desired end will be obtained more effectually, without than it could be with such an express agreement.

It is not necessary to render invalid such a contract that the person receiving the consideration, should agree not to commence new proceedings against the person accused. It is enough that he obligates himself to release the defendant from pending prosecution. For if this was not so, a pros-

ecutor might institute new proceedings every day, and use them to extort money from the offender.

It is almost of daily occurrence that persons instituting criminal proceedings, agree to abandon them, upon being paid a consideration, and that contract is deemed to be perfectly just and fair, because it is not agreed, not to institute any new or other prosecution.

The only way to put an end to a practice so corrupt and oppressive, is to declare all such contracts to discontinue criminal proceedings that are pending, and all agreements not to institute a criminal prosecution, and all agreements in any way to prevent or stifle such prosecution, as immoral and illegal.

The case of *Porter* agt. *Havens*, (*supra*,) is a very striking illustration of the strictness with which the courts construe contracts, affecting the administration of justice. In that G. F. Havens being under two indictments, one in this state and one in Vermont, and was in custody on process in Vermont, upon one of them, he and his father as his surety, entered into an agreement with one Bowen, to whom G. F. H. was indebted in $2,400, to give him notes for his debt, part of them signed by both him and his father, and part by George alone, under an agreement that they should be deposited in the hands of a third person, until the criminal prosecutions were ended, without further trouble or expense to said George, except counsel fees—then to be delivered, upon Bowen delivering to the persons holding the notes discharges from certain claims, and the delivery was to be upon the further condition, that he, B., should not arrest, or cause George to be arrested, on any process, but should cease all proceedings against him—when this arrangement was made there were in the hands of the sheriff, process for the arrest of George, for the money owing by him, to said Bowen.

This criminal prosecutions being terminated the notes were delivered to Bowen, and he transfered them to the plaintiff.

On the trial the foregoing facts were proved, and the defendant having rested, the plaintiff proved by Tracy that he was present at and drew the contract, and there was no connection to his knowledge between the settlement and the indictments, other than appeared in the writing itself, and the arrangement as to the deposit and delivery to B., of the notes was, as he understood, for the benefit of the father. B. had nothing to do so far as the witness knew, with the criminal prosecutions, except the one for false pretences in obtaining money by such pretenses from B.

It was offered to prove on the part of the plaintiff, that the arrangement was not made at B.'s request; that there was no agreement or understanding that B. should suppress or withhold any evidence, or to put an end to the prosecutions, and that he never did put an end to them, but that the same was done by the courts without his procurement, or interference, and that the said notes were not given to compound a felony or criminal offense. The evidence was rejected, and there was a verdict for the defendant. The general term affirmed the judgment, holding the contract immoral, illegal and void, and that the contract being unambiguious and clear, must be construed by itself, and the parol evidence offered was, therefore, incompetent.

The court construed the agreement by B. not to arrest or cause to be arrested, the said George as an agreement not to prosecute him for either of said criminal offenses, and for that reason illegal, because there was inducement and consideration, to discontinue and terminate the criminal proceedings, and plainly to accomplish that result the note was given.

The facts found by the referee show the agreement to terminate the criminal prosecution then pending, for a pecuniary consideration, and its termination in pursuance of it. I cannot doubt but that such an agreement is unlawful and void.

The further finding that there was no agreement to settle or compound the crime for which Hicks was arrested, is not only not supported by the facts proved and found, but is wholly inconsistent therewith.

If the referee intended to find that there was no such agreement in terms entered into, his finding may be justified by the evidence of Sherwood and his attorney Holliday. But it is not necessary that the agreement should be to compound the crime, it is enough that such is the legal effect of it, and that such was the intention of the parties.

Compounding a criminal offense is not, I have endeavored to show, the only thing that renders a contract void. An agreement not to give evidence, or to stifle a prosecution is just as corrupt, as an agreement to compound a felony, or other crime; assuming that the word compounded does not embrace all the acts which may be resorted to to prevent, embarrass or terminate a prosecution, in which sense it seems sometimes to be used.

It is suggested that by recent decisions of the court of appeals, obtaining money or other property by false pretences, is not a felony, but is a misdemeanor; it was an offense which the person injured might compromise, and hence it was not unlawful for him to receive from the wrong-doer compensation for the injury done him.

The difficulty in this case is not that he received compensation, but it is that in consideration of receiving such compensation, he agreed to abandon a pending criminal prosecution.

It is said in *Chitty on Contracts*, (*p.* 674), that the gennral rule is that when an offense may be made a subject of a civil action, as well as of an indictment, and criminal and civil actions are instituted, an agreement to pay the costs of the civil suit on being stopped, is binding, if the costs of the criminal proceeding are not included in the arrangement, and it is no part of the bargain that the indictment should be abandoned.

In *Kier* agt. *Lamon*, (51 *E. C. L.*, 308), it was held, that a party may compromise any offense, though made the sub-ject of an indictment, for which he might recover damages in a civil action, but if the offense is of a public nature, no agreement can be valid that is founded on a consideration of stifling a prosecution for it.

The right to recover compensation in such cases is regu-lated by statute, and to prevent abuse, the words prescribed by it. should be followed. (3 *R. S.*, *5th Ed.*, 1021, §§70 *to* 74).

Those sections require that in cases of assaullt and bat-tery, and other misdemeanors for which the injured party has a remedy by civil action, he shall appear before the mag-istrate, before whom the criminal proceedings are pending, or before a county judge, and acknowledge satisfaction in writing, and this officer in his discretion, on the payment of costs, may dismiss the proceeding.

Nothing of the kind was done in this case. If therefore the statute applies it does not aid the plaintiff. If it does not, and Sherwood had the right to compromise irrespect-ive of it, his compromise was rendered illegal by reason of the agreemeut to discontinue the proceedings.

This case furnishes an illustration of the mischief that would result from permitting complainants to make con-tracts with those accused of crime. The note contains over $42 00 for fees of the constable who made the arrest.

That a most unjust advantage was taken of Hicks, not only in respect to the fees taken, but in requiring him to furnish security for claims, the accuracy of which he had no means to ascertain.

The whole proceedings were illegal and corrupt. The judgment must therefore be reversed, and a new trial or-dered, costs to abide the event, and order of reference va-cated.