BUFFALO PRESS CLUB, Appellant, *v.* JAMES W. GREENE, Respondent.

*An agreement to compound a felony vitiates a contract made in consideration thereof*
*— sureties to such contract discharged thereby.*

An agreement to compound, stifle or suppress a criminal prosecution for a felony cannot constitute a valid consideration for a contract, and the taint of such a consideration infects the whole transaction.

Where one, who has taken moneys belonging to a club to the amount of $900 and is under indictment therefor, secures immunity from further prosecution upon his promise of repayment secured by a bond executed by sureties who are not informed of the corrupt agreement, the fact that such agreement is in aid of the illegal transaction will prevent a recovery upon the bond.

APPEAL by the plaintiff, the Buffalo Press Club, from a judgment of the Superior Court of Buffalo in favor of the defendant, entered in the office of the clerk of the Superior Court of Buffalo on the 24th day of January, 1894, upon the decision of the court dismissing the plaintiff's complaint rendered after a trial by the court without a jury.

*Simon Fleischmann*, for the appellant.

*Frank C. Laughlin*, for the respondent.

BRADLEY, J.:

The action is upon an instrument under seal, executed by the defendant and others, by which they guaranteed and became sureties severally in limited amounts for the payment of an indebtedness to the amount of $900 of Charles L. Lancaster to the plaintiff.

The consideration expressed in the agreement was one dollar and the forbearance of proceeding by civil action to collect from Lancaster for two years.

The defendant alleges that the consideration was the promise of the plaintiff to delay and stifle the criminal prosecution before then instituted against Lancaster by indictment for grand larceny, founded upon the charge of appropriating to his own use the money of the plaintiff of which he was treasurer. And the trial court found that such was the consideration.

This finding was supported by the evidence in so far that Lancaster's proposition to pay a specified sum of such indebtedness and

procure such undertaking of guaranty was accepted by the plaintiff with the understanding that he should be released from custody, in which he then was, and the prosecution upon the indictment suspended. The preliminary payment was made and the agreement of the defendant and others executed and delivered. Lancaster was thereupon released from custody upon his own recognizance. This was done at the instance of the plaintiff, through some of its members representing it in that behalf, to enable Lancaster to seek service and obtain the means of making payment to the plaintiff as contemplated. The plaintiff was at liberty to accept the obligation of sureties for the payment of the amount of the liability of Lancaster for the deficit, notwithstanding the pendency of the criminal prosecution, and it would be effectual unless rendered invalid by an agreement on the part of the plaintiff to seek to delay or stifle the prosecution. (*City of Cohoes* v. *Cropsey*, 55 N. Y. 685; *Barrett* v. *Weber*, 125 id. 18.)

It is a rule of the common law that an agreement to compound, stifle or suppress a criminal prosecution for a felony cannot constitute a valid consideration, and that a contract based upon such a consideration is void. It is deemed a matter of public policy involving the welfare of society that persons should not, by motives of pecuniary interest, be permitted to interfere with, impede or prevent prosecutions for felony and other offenses of a public nature. (*Steuben County Bank* v. *Mathewson*, 5 Hill, 249; *Conderman* v. *Trenchard*, 58 Barb. 165; *Conderman* v. *Hicks*, 3 Lans. 108.)

It is urged that this doctrine is not applicable to the contract made by the defendant and others, because it does not appear that there was any consideration for their undertaking other than that expressed in it, which was a valid one.

It is true that it does not appear that any agreement on the part of the plaintiff, or any one in its behalf, to use any means or effort to relieve Lancaster from criminal prosecution, or to delay or suspend it, was communicated to the defendant, or to those who with him executed the agreement. But that agreement was obtained by Lancaster to carry out his proposition accepted by the plaintiff. And the consideration upon which it was procured by him and delivered to the plaintiff was that before mentioned as found by the trial court. The contract was infected with the taint of the consid-

eration upon which, as between the plaintiff and Lancaster, it was obtained by him or in his behalf and delivered to and accepted by the plaintiff.

And, therefore, the defendant's undertaking was not disconnected with the illegal purpose, nor was it founded upon a new or independent consideration.

In the opinion of the trial court, delivered by Judge TITUS, the reasons for the conclusion there reached are so well and fully stated as to render any addition to them quite unnecessary on this review.

The judgment should be affirmed.

DWIGHT, P. J., and LEWIS, J., concurred.

Judgment affirmed, without costs of this appeal to either party.