DAVID CONDERMAN, Respondent, *v.* JAMES S. HICKS and ors., Appellants.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1870.)

The defence that a note was given for an illegal consideration is sustained by proof that it was founded upon an agreement to compound a felony, or misdemeanor, or to conceal the commission of either, or to withhold evidence in relation thereto, or to do any other act preventing or impeding the course of public justice.

The defendant, H., was arrested upon a warrant for obtaining money and goods on false pretences, and was imprisoned to await a hearing, and before the time appointed, the note in suit was given to the person claiming to have been defrauded and who preferred the charges, for the amount due for the money and goods obtained, together with costs of the criminal proceedings, and for the purpose of obtaining the release of H.; no appearance was made against H. at the time for hearing the charges preferred, and he was discharged.—*Held*, that the note was founded upon an illegal consideration, and void.

It was unnecessary to prove an express agreement to compound the crime or an agreement to abstain from future proceedings, to render the note invalid.

*Held*, further, that an intent to discontinue and not to suspend the proceedings was shown by the inclusion of the costs thereof in the note.

Conderman *v.* Hicks.

And that upon the assumption, that the false pretences charged constituted
a misdemeanor only, and not a felony, within the decisions (see *Fassett* v.
*Smith*, 28 N. Y., 252), the plaintiff could not lawfully compound the
prosecution thereof, except pursuant to 2 R. S., 730, § 66, &c.

THIS was an appeal by the defendant from a judgment
entered for the plaintiff on the report of a referee.

The action was upon a promise to pay the plaintiff's
assignor the sum of $150.70 ninety days after date, and was
in writing, signed by the defendant, Hicks, and five others.
The defence interposed was the illegality of the promise, as
founded upon an agreement by the payee to compromise and
settle certain charges preferred by him to a justice of the
peace, against the defendant, for obtaining money and goods
upon false pretences. The facts as they appeared in evi-
dence are stated in the opinion of the court.

*Bemis & Near*, for the appellant.

*Holliday & Benton*, for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—MULLIN, P. J. This action was brought to
recover of the defendants the amount due on a note made by
the defendants, payable to George W. Sherwood, for $150.70,
ninety days from its date, and it was dated 27th January,
1869.

The note was transferred for a valuable consideration by
Sherwood to the plaintiff. The defence set up in the answer
and in support of which evidence was given at the trial was,
that it was given to compound a felony committed by Hicks,
one of the defendants.

It appears by the evidence that Hicks had obtained board
and the use of horses and carriages from Sherwood, named
as payee of the notes under the false and fraudulent repre-
sentation that " he was engaged in lumbering and buying ties,
and that he had bought and paid for large quantities of ties."

A complaint was made before a justice of the peace of Steuben county against said Hicks, and a warrant was issued and he (Hicks) arrested and brought before the justice issuing the warrant, and the hearing of the said matter was at his request postponed for ten days, and he was committed for safe keeping during the ten days to the lock-up in Hornellsville.

Several of the defendants desired to set him at liberty so that he might go to work and earn enough to pay the debt to Sherwood, the costs incurred in the prosecution and some small debts due to other persons.

Evidence was given on the trial tending to prove that before the note was given, it was agreed that if given, the prosecution should terminate, and Hicks be set at liberty. Evidence was also given tending to prove that the note was given in payment of the debts and expenses referred to above, but not for the purpose of compounding the offence with which Hicks stood charged. It was conceded that the prosecution ceased with the giving of the note, and that Hicks was then set at liberty.

The referee finds that the defendant and Sherwood entered into an arrangement by which defendants should sign and deliver to Sherwood the note in question to secure the payment of Hick's indebtedness to S., together with certain other items for which S. had become responsible; and upon so doing he (Hicks) should be released, so that he could go to work and pay the matter up, and the paper in question was then signed and delivered, and Hicks discharged, and no further proceedings had in the premises. The referee further finds that there was no agreement, on the part of Sherwood to settle or compound the crime for which Hicks was arrested.

Bishop, in his work on criminal law (§ 648), defines compounding crime as being an agreement with the criminal not to prosecute him.

By the Revised Statutes (3d vol., 5th ed., 969, §§ 18, 19, and by § 12, page 973), it is made a crime for any person, having actual knowledge of the commission of a crime punishable with death, or in a State prison or in a county jail, or by fine,

who shall take money or property of another, or any gratuity or reward, or any engagement or promise, to compound or conceal such crime or to abstain from prosecuting, or to withhold evidence, and upon conviction the offender shall be punished, &c.

The prohibition of the statute extends beyond the mere agreeing not to prosecute, and subjects to indictment and punishment those who conceal the crime or agree to withhold evidence.

In Chitty on Contracts, 673, it is said any contract which can prevent or impede the course of public justice is illegal, and he illustrates the proposition thus : An agreement in consideration of suppressing evidence or stifling, or compounding a criminal prosecution or proceedings for a felony or misdemeanor of a public nature as perjury, &c., is void. (*Steuben Co. Bank* v. *Mathewson,* 5 Hill, 252 ; *Coppack* v. *Bowen,* 4 M. & W., 361 ; *Dormouth* v. *Bennett,* 15 Barb., 541 ; *Porter* v. *Havens,* 37 Barb., 343 ; *Kier* v. *Seeman,* 51 E. C. L., 308 ; *People* v. *Pease,* 16 Mass., 91 ; *Jones* v. *Rice,* 18 Pick, 440.)

The important question arising on this appeal is whether the consideration of the note on which the action is brought was an agreement to compound a felony or misdemeanor, or to conceal the commission of either, or to withhold evidence in relation thereto, or to do any other act preventing or impeding the course of public justice.

Hicks was in custody on process issued on a criminal complaint. The object of Sherwood and the persons signing the note was to release him, not after an examination of witnesses to be produced against him, but before and without any such examination. He was to be released so that he might go to work and earn money to pay the note. To attain this end the abandonment of the proceedings against him was an essential requisite, and that they were not suspended so as to be revived again is shown by the fact that the costs of the proceedings were included in the note. Sherwood was not to appear against him and he did not.. The arrangement was consummated and Hicks released.

It is not necessary for the defendants to prove that Sher·wood in terms agreed to compound the crime in order to render invalid the note.

If it is apparent that such was the intention of the parties, and the agreement was such as to carry out the intent it is enough. The party injured by the criminal act of another in his person or property may take from the wrong-doer compensation for the wrong. But he must not enter into any agreement to prevent or stifle a prosecution for the crime. If it .was necessary to prove an express agreement to compound the crime impunity could always be secured, and the suppression or defeat of criminal prosecution made the source of profit. If the holder of forged paper may, for a consideration, surrender it to the forger and retain the price of his iniquity because he did not in terms agree not to prosecute the criminal, the desired end will be attained more effectually without than it would be with such an express agreement.

It is not necessary to render invalid such a contract that the person receiving the consideration should agree not to commence any new proceedings against the person accused.

It is enough that he obligates himself to release the defendant from a pending prosecution. For if this were not so, a prosecutor might institute new proceedings every day and use them to extort money from the offender.

It is almost of daily occurrence that persons instituting criminal proceedings agree to abandon them upon being paid a consideration, and the contract is deemed to be perfectly fair and just, because it is not agreed not to institute any new or other prosecution.

The only way to put an end to a practice so corrupt and oppressive is to declare all contracts to discontinue criminal proceedings that are pending, and all agreements not to institute a criminal prosecution, and all agreements in any way to prevent or stifle such prosecutions, as immoral and illegal.

The case of *Porter* v. *Havens, supra,* is a very striking illustration of the strictness with which the courts construe contracts affecting the administration of justice. In that case, George F.

Havens, being under two indictments, one in this State and one in Vermont, and in custody on process in Vermont upon one of them, he and his father, as his surety, entered into an arrangement with one Bowen, to whom George was indebted in $2,400, to give him notes for his debt, part of them signed by both him and his father, and part by George alone, under an agreement that they should be deposited in the hands of a third person until the criminal prosecutions were ended, without further trouble or expense to said George, except counsel fees; then to be delivered upon Bowen's delivering to the person holding the notes discharges from certain claims; and the delivery was to be upon the further condition that he (B.) should not arrrest or cause George to be arrested on any process whatever, but should cease all proceedings against him. When this arrangement was made, there was in the hands of the sheriff process for the arrest of George for the money owing by him to said Bowen.

The criminal prosecution being terminated, the notes were delivered to Bowen, and he transferred them to the plaintiff. On the trial the foregoing facts were proved, and the defendant having rested, the plaintiff proved by Tracy that he was present at and drew the contract, and there was no connection, to his knowledge, between the settlement and indictments other than appeared in writing itself, and the arrangement as to the deposit and delivery to B. of the notes was, as he understood, for the benefit of the father. B. had nothing to do, so far as witness knew, with the criminal prosecutions, except the one for false pretences, in obtaining money by such pretences from B. It was offered to prove on the part of the plaintiff that the arrangement was not made at B.'s request; that there was no agreement or understanding that B. should suppress or withhold any evidence, or to put an end to the prosecutions; and that he never did put an end to them, but the same was done by the courts without his procurement or interference, and that the said notes were not given to compound a felony or criminal offence. The evidence was rejected, and there was a verdict for the defendant.

The General Term affirmed the judgment, holding the contract immoral, illegal and void, and that the contract being clear and unambiguous, must be construed by itself, and the parol evidence offered was therefore incompetent.

The court construed this agreement by B. not to arrest or cause to be arrested the said George as an agreement not to prosecute him for either of said criminal offences, and for that reason illegal because there was an inducement and consideration to discontinue and terminate the criminal prosecutions, and plainly to accomplish that result the notes were given.

The facts found by the referee show the agreement to terminate the pending prosecutions for a pecuniary consideration, and its termination in pursuance of it; and I cannot doubt but that such an agreement is unlawful and void.

The further finding that there was no agreement to settle or compound the crime for which Hicks was arrested, is not only unsupported by the facts proved and found, but is wholly inconsistent therewith.

If the referee intended to find that there was no such agreement in terms entered into, his finding may be justified by the evidence of Sherwood and his attorney, Halliday. But it is not necessary that the agreement should be to compound the crime. It is enough that such is the legal effect of it, and that such was the intention of the parties.

Compounding criminal offence is not, I have endeavored to show, the only thing that renders a contract void. An agreement not to give evidence or to stifle a prosecution is just as corrupt as an agreement to compound a felony or other crime, assuming that the word compound does not embrace all the acts which may be resorted to, to prevent, embarrass or terminate a prosecution, in which sense it seems sometimes to be used.

It is suggested that, as by the recent decisions of the Court of Appeals, obtaining money or property by false pretences is not a felony but is a misdemeanor, it was an offence which the person injured might compromise, and hence it was not

unlawful for him to receive from the wrong-doer compensation for the injury done him.

The difficulty in the case is not that he received compensation, but it is, that in consideration of receiving such compensation he agreed to abandon a pending criminal prosecution.

It is said in Chitty on Contracts (p. 674), that the general rule is that when an offense may be made the subject of civil action as well as of an indictment and civil and criminal proceedings are instituted an agreement to pay the costs of the civil suit, on being stopped is binding, if the costs of the criminal proceeding be not included in the arrangement, and it be no part of the bargain, that the indictment should be abandoned.

In *Kier* v. *Leenan* (51 E. C. L., 308), it was held that a party may compromise any offence, though made the subject of an indictment, for which he might recover damages in a civil action; but if the offence be of a public nature, no agreement can be valid that is founded on the consideration of stifling a prosecution for it.

The right to recover compensation in such case is regulated by statute, and to prevent abuse the mode prescribed by it should be followed. (3 R. S., 5th ed., 1021, §§ 70 to 74.) Those sections require that in case of assault and battery and other misdemeanors, for which the injured party has a remedy by civil action, he shall appear before the magistrate before whom the criminal proceedings are pending, or before a county judge, and acknowledge satisfaction in writing, and then the officer, in his discretion, on payment of costs, may dismiss the proceedings. Nothing of the kind was done in this case. If, therefore, this statute applies, it does not aid the plaintiff. If it does not, and Sherwood had the right to compromise irrespective of it, his compromise was rendered illegal by reason of the agreement to discontinue the proceedings.

This case furnishes an illustration of the mischiefs that would result from permitting complainants to make contracts with those accused of crime. The note contains over forty-

two dollars for fees of the constable who made the arrest; showing that a most unjust advantage was taken of Hicks, not only in respect to the fees taken, but in requiring him to furnish security for claims, the accuracy of which he had no means to ascertain.

The whole proceedings were illegal and corrupt. The judgment must, therefore, be reversed and new trial ordered; costs to abide the event and order of reference vacated.