NICKELSON, appellant, v. WILSON.

*Contract — when void as against public policy — consideration — procuring discontinuance of criminal proceedings.*

N. sold a patent to S. and W., but W. afterward claimed that N. and S. had conspired together to defraud him by misrepresenting the value of the patent, and he accordingly procured them to be indicted for the fraud, and brought an action against them for $6,000 damages. The counsel for W., in order to procure the testimony of N., entered into an agreement with the counsel for N., to the effect that N. should testify in the civil and criminal cases, and that in case judgment was recovered in the civil case it should not be enforced against N. for more than $1,000; that N. should be given the control for his benefit of the judgment for whatever sum he should have to account for to W., and that "N. testifying fully as above, the counsel will recommend a *nol pros.*" as to him in the criminal case. N. testified accordingly, and W. recovered in the civil case for $6,000. N. paid W. $1,000 on the judgment, and W. subsequently denied that the agreement was binding, and threatened to enforce the judgment in full against N. In an action by N. against W. to enforce the agreement and to procure an assignment of the judgment for his benefit to the amount of $1,000, and for a release from liability on the judgment: *Held,* that it being the manifest intention of the agreement to procure a discontinuance of the criminal proceedings against N., the agreement was void as against public policy, and the action could not be maintained.

APPEAL by plaintiff from a judgment dismissing the complaint. The action was brought in Lewis county by William B. Nickelson against George A. Wilson to compel the assignment of a judgment recovered by Wilson against plaintiff and one Scott.

In 1868 the plaintiff owned a patent for a cheese box, which he sold to the defendant Wilson and one Scott for $12,000, each agreeing to pay one-half of said price.

Wilson claiming that plaintiff and Scott conspired together to cheat and defraud him by representing that the price of said patent was $12,000, when in truth and fact it was worth but $6,000, procured them to be indicted for the fraud, and he brought an action against said plaintiff and Scott to recover the amount of said notes, upon the ground that it was claimed that said notes had been transferred to *bona fide* holders.

Scott filed a petition in bankruptcy against Wilson, to have him declared a bankrupt and his property transferred to an assignee.

VOL. IV, N. Y. REP. — 14

The counsel for Wilson, doubting whether Scott could be convicted or the civil action maintained without the testimony of the plaintiff, a negotiation was entered into between the counsel for said plaintiff in these actions and the counsel for Wilson, which resulted in an agreement, of which the following is the abstract or outline, viz. : " 1. Nickelson will testify to all he knows in bankrupt case, in civil case, and in the criminal case.    2. If there is no recovery against Scott in the civil action there shall be none against N.    3. The civil case going to judgment against S., and then the judgment shall not be enforced against N. for not more than $1,000, and this $1,000 may be paid in one of Wilson's notes for that sum. 4. Nickelson shall be given the control for his benefit of judgment v. Scott for whatever sum he has to account for to Wilson.    Nickelson testifying fully as above, the counsel will recommend *nol. pros.* against Nickelson."

The plaintiff and Wilson, it is alleged by the plaintiff's counsel, authorized their respective counsel to enter into any agreement they should deem proper to secure the evidence of said plaintiff in said actions, and to secure to Nickelson the benefits contemplated by said contract.    The counsel did not disclose to their respective clients the provisions of said agreement.    But Mr. Starbuck, plaintiff's counsel, instructed the plaintiff that he should testify fully and truly to all he knew as a witness in the said civil suit and criminal proceedings, and the plaintiff in pursuance of such instructions waived his privilege not to testify because he would criminate himself, and did testify fully to all he knew as a witness in such proceedings.

On the 24th of March, 1870, Wilson recovered in the civil action against the said Nickelson and Scott a judgment for $6,841.93, besides costs.    On the 13th of March, 1871, Nickelson paid to Wilson upon said judgment the sum of $1,000.    On the 18th of August, 1871, Wilson filed a transcript of said judgment in the clerk's office in Lewis county, and it became a lien on real estate belonging to Nickelson of sufficient value to pay it.

Wilson denied the authority of his attorney to make the agreement hereinbefore mentioned, and threatens to enforce said judgment against the property of Nickelson, and collect the full amount thereof.

On the 24th of March, 1873, the plaintiff tendered to Wilson the sum of $70 and the interest since March 13, 1871, and required him

to release the plaintiff from said judgment, and to assign to some person for his benefit an interest in said judgment to the amount of $1,000. The defendant refused the offer so made and refused to release said plaintiff, and to assign an interest in said judgment, and thereupon this action was brought to compel Wilson to carry into effect the aforesaid agreement.

The plaintiff in his complaint set forth the foregoing facts, and the defendant in his answer denied them. The cause was tried at special term, and the court found that the attorneys of the respective parties were authorized to make the aforesaid agreement ; that plaintiff in pursuance of it waived his privilege to refuse to testify as a witness in the said civil and criminal proceedings, and did testify as a witness therein ; that Wilson recovered a judgment against said plaintiff and Scott in the civil action, and docketed the same in Lewis county, and that it became a lien on property sufficient in value to pay it, and he also found that plaintiff made the offer and tender above mentioned and demanded the relief also above stated, and that defendant Wilson refused to accept such offer and to comply with such demand.

The court also found that the defendant Baker was duly appointed the assignee in bankruptcy of said Wilson, and in that character was made a party defendant and appeared and answered.

The court found, as matter of law, that the agreement made between the attorneys for the plaintiff and the defendant Wilson was against public policy and void, and ordered judgment dismissing plaintiff's complaint with costs, and from that judgment the plaintiff appealed to this court.

*C. D. Adams*, for appellant, cited *People* v. *Whipple*, 9 Cow. 707 ; *Polloak* v. *Gregory*, 9 Bosw. 116.

*Watson M. Rogers*, for respondent, cited *Van Voorhes* v. *Leonard*, 1 N. Y. Sup. 148 ; *Darmoth* v. *Bennett*, 15 Barb. 541 ; *Porter* v. *Havens*, 37 Barb. 343 ; *Conderman* v. *Trenchard*, 40 How. 79 ; *Steuben Co. Bank* v. *Mathewson*, 5 Hill, 249 ; *Osborne* v. *Robbins*, 36 N. Y. 373.

MULLIN, P. J. The learned judge who tried this cause dismissed the plaintiff's complaint, on the ground that the contract sought to be enforced was entered into to embarrass or stop the prosecution of the plaintiff on the indictment against him for defrauding the defendant Wilson, and if such was the object and effect of said agree-

ment the judgment of the special term was right and must be affirmed. *Bank of Steuben* v. *Mathewson,* 5 Hill, 252; *Osborn* v. *Robbins,* 36 N. Y. 373; *Porter* v. *Havens,* 37 Barb. 343; *Conderman* v. *Hicks,* 3 Lans. 111.

Wilson's counsel desired to induce the plaintiff to testify in the criminal proceeding in order to convict Scott, and in the civil action to recover a judgment for damages sustained by Wilson by reason of the fraud of Scott and the plaintiff, against Scott or against him and the plaintiff, if a recovery against both was legally necessary, and Wilson's counsel desired plaintiff's evidence in the proceedings in bankruptcy in order to obtain a dismissal of those proceedings against him.

For thus testifying the plaintiff was to be relieved from the recovery in the civil action, except $1,000, and an interest in the judgment was to be assigned for plaintiff's benefit to the amount of $1,000, so that he could collect that amount out of Scott to reimburse himself for the $1,000 paid.

What, upon the evidence in this case, did the counsel for the parties intend should become of the indictment against the plaintiff should he testify in the civil suit and the bankruptcy proceedings? Wilson had no power to release plaintiff from a trial and conviction upon it, except by not appearing against him or inducing the court to enter a *nolle prosequi.* He did not, in terms, agree to do the former but did agree to attempt to accomplish the latter.

What was Wilson to do to induce the court to discharge the plaintiff. He had charged Nickelson with the crime of obtaining from him $6,000 in promissory notes by false pretenses; he had sworn to it, and we must intend that his evidence would have led to the conviction of Nickelson, if left uncontradicted or unexplained. Would any court discharge a prisoner upon such a statement of facts by such a man? Good faith demanded that Wilson should not take the benefit of plaintiff's evidence, and be a witness against him, and certainly he should not press a conviction after the public prosecution had used Nickelson as a witness against himself on the trial of the indictment.

Plaintiff's counsel was driving a bargain with Wilson's counsel to protect plaintiff against prosecution on the indictment, as well as against liability in the civil suit, the consideration for this arrangement on the part of Nickelson was the evidence he would give in aid of the enforcement of Wilson's right.

It is no answer to these views of the intentions and conduct of Wilson and plaintiff that the latter only agreed to tell the whole truth as a witness, and thus secure the conviction of the guilty. It is obvious that Nickelson was to be released from conviction on the indictment, and notwithstanding he was known to be guilty, and although the mode of doing it was an appeal to the court, yet it is impossible to wink so hard as not to see that it was the intention to secure his release should the court refuse to comply with the counsel's request. Good faith to the plaintiff demanded that if he performed his part of the contract he was not to be convicted and sent to State prison upon his own and Wilson's evidence.

There was a very powerful inducement presented to Wilson to soften down his evidence against plaintiff if not to altogether suppress it, and a contract that induces such conduct on the part of a prosecutor in a criminal proceeding is unlawful and void.

The judgment must be affirmed, with costs.

*Judgment affirmed.*