GRIMES V. HILLENBRAND.

*Negotiable instrument — when illegality of consideration no defense against bona fide holder.*

Negotiable paper in the hands of an innocent holder, who has received it in the ordinary course of business for value, without notice of any defense to it, is not invalid by reason of illegality in the consideration, unless it is expressly declared void by statute.

Accordingly, where a note was given by A to B to induce B to abstain from opposing the discharge of A in bankruptcy, *held*, that while such note was invalid in the hands of B, it was valid in the hands of an innocent holder to whom it was transferred for value before maturity.

MOTION by defendant for a new trial upon exceptions taken at the circuit and ordered to be heard at the general term in the first instance, after a verdict in favor of plaintiff.

The action was brought by William H. Grimes against Joseph Hillenbrand and another, upon a promissory note of $500 made by one of the defendants and indorsed by the other. The indorser alone defended. The defense was, that said note was executed to prevent opposition by a creditor of the maker to the discharge of the said maker in bankruptcy, and in fraud of the bankrupt law. Plaintiff was a *bona fide* holder of the note, having received it before its maturity for a full consideration. Sufficient facts appear in the opinion.

*Humphrey & Lockwood*, for plaintiff.

*Rowan & Helm* and *Daniel Pratt*, for defendant.

Present — MULLIN, P. J., E. DARWIN SMITH and MORGAN, JJ.

E. DARWIN SMITH, J. The verdict of the jury settles the question of fact that the plaintiff was a *bona fide* holder of the note in suit, and that he received it before maturity, and without notice of any of the circumstances which would have made it invalid in the hands of the original owner ; and also that said note was not given to induce Scheu, the original holder, to refrain from opposing the discharge of the maker in bankruptcy. The jury were properly

instructed that if the note was given and received for that purpose it was void, and their verdict should be for the defendant.

If the note was given, as the jury must have found under the charge and the evidence of the witness Scheu, to induce said witness to sign the compromise deed or agreement produced in evidence and set out in the case, although it was fraudulent and void as between the original parties, it still was valid in the hands of a *bona fide* holder.

The judge stated the rule correctly, that negotiable paper in the hands of an innocent holder, who had received it in good faith and in the ordinary course of business for value, and without notice of any defense to it, is not invalid by reason of any illegality in the consideration, unless it is expressly declared void by statute. Chitty on Bills, 92 ; *Hill* v. *Northrop*, 4 N. Y. Sup. 120; Edwards on Bills, 336, 337 ; Story on Promissory Notes, § 192.

It is doubtless true, as the defendant's counsel insists, that all transactions forbidden by statute are void, as are also agreements for suppressing evidence or compounding criminal prosecutions, felonies or misdemeanors, or against sound morals, policy or public interest as between the original parties. The case of *Conderman* v. *Hicks*, 3 Lans. 110, illustrates the rule. The action in that case was upon a promise to pay, not negotiable, given to compound a criminal offense. The defense to it was good and available, the same as it would have been between the original parties.

These views meet, I think, all the substantial points presented upon the defendant's exceptions. The case was very fairly submitted to the jury upon a charge quite elaborate and clear and essentially sound. None of the exceptions taken to it, or to the refusals of the judge to charge or modify the charge, I think, are well taken.

The motion for a new trial should be denied and judgment ordered for the plaintiff upon the verdict.

*Judgment for plaintiff.*