MARTIN W. PALMER, PLAINTIFF, *v.* SCHUBEL P. MINAR, DEFENDANT.

*Promissory note — Patent right — sale of, consideration for — Statute of Pennsylvania — Law of another State — knowledge of existence of — a question of fact, not of law.*

Section 3 of the act of April 12, 1872, passed by the legislature of Pennsylvania, provides, that whenever a promissory note is given in consideration of the sale of a patent right, "the words 'given for a patent right' shall be prominently and legibly written or printed on the face of such note, * * * and *such note* or *instrument* in the hands of any purchaser or holder shall be subject to the same defenses as in the hands of the original owner or holder." *Held*, that the words, "such note or instrument," in the last clause of the sentence, mean a note or instrument having on its face the words "given for a patent right," and do not include one which, although given upon the sale of a patent right, does not bear those words.

This action was brought against the maker of a promissory note, purchased by the plaintiff (who knew that the original consideration of the note was the sale of a patent right, but not the Pennsylvania law upon that subject), in this State, before maturity and in good faith. The defendant alleged that the note having been given in the State of Pennsylvania upon the sale of a patent right, and not having the words "given for a patent right" upon its face, was void under section 4 of the above act, which declares it to be a misdemeanor for any person knowing the consideration of a note to be the sale of a patent right, to "take, sell or transfer" the same unless it has the words "given for a patent right" upon its face.

*Held* (1), that the act did not in terms forbid the making of such a note, but only its sale or transfer; (2), that the statute did not affect the validity of such a note when purchased in this State before maturity and in good faith; (3), that where a purchaser in this State did not know of the existence of the said statute, his right to recover upon the note was not affected by the fact that he knew that it was given upon the sale of a patent right.

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term, after a nonsuit ordered by the court.

This is an action by the indorsee of a promissory note, made in Pennsylvania by the defendant. It is in the usual form, with the words "without defalcation" added. The answer sets up that the consideration of the note was the sale to the defendant of a certain patent right; that by the laws of Pennsylvania all notes given for such a consideration are required to have upon them the words "given for a patent right;" that all such notes are, by said laws, subject in the hands of any purchaser to the same defenses as in the hands of the original owner; that by said laws, it is a misdemeanor to take, sell, or transfer any such note not having said words thereon, knowing the consideration thereof; that therefore the transfer of the note alleged in the complaint was, and the plaintiff took the same, subject to the equities and defenses, in the hands of Phelps, the original holder. The answer further alleges agreements on the part of said Phelps, as a further consideration of the note, made at the execution and delivery thereof, and a breach of the same by Phelps and a loss thereby to the defendant, whereby the consideration of the note failed; and the answer says that the defendant will insist on these facts as a defense, and as a recoupment or counter-claim.

On the trial of the cause, the plaintiff proved the note and also a statute of Pennsylvania, February 12, 1797, in regard to notes containing the words "without defalcation," and also a case decided in that State. (*Lewis* v. *Reeder*, 9 S. & R., 193.) The defendant gave in evidence another statute of that State, April 12, 1872, being that set up in the answer; and proved that the note was given in consideration of the sale of a patent right.

Sections 3 and 4 of said act are as follows, viz. :

"§ 3. Whenever any promissory note or other negotiable instrument shall be given, the consideration for which shall consist in whole or in part of the right to make, use or vend any patent invention or inventions claimed to be patented, the words 'given for a patent right,' shall be prominently and legibly written or printed on the face of such note or instrument, above the signature thereto, and such a note or instrument in the hands of any pur-

chaser or holder shall be subject to the same defenses as in the hands of the original owner or holder. ·

" § 4. If any person shall take, sell or transfer any promissory note or other negotiable instrument not having the words ' given for a patent right,' written or printed legibly and prominently on the face of such note or instrument above the signature thereto, knowing the consideration of such note or instrument to consist in whole or in part of the right to make, use or vend any patent invention or inventions claimed to be patented, every such person or persons shall be deemed guilty of a misdemeanor and upon conviction thereof, shall be fined in any sum not exceeding $500, or imprisoned in the county jail not exceeding sixty days, or both, in the discretion of the court."

The defendant offered to show an agreement by Phelps, as a part of the consideration, to furnish models, etc., and a breach thereof. The conveyance of the patent, in consideration of which this note was given, was made to the defendant and to one Allend. The court excluded the evidence on the ground that the claim of recoupment was a joint claim of defendant and Allend. In rebuttal the plaintiff testified that he knew nothing of this law of Pennsylvania when he purchased the note.

The plaintiff asked the court to direct a verdict for him. The court held that the note was void in its inception, and nonsuited the plaintiff without any motion by the defendant.

*H. Boardman Smith,* for the plaintiff. Ignorance of the statute law of another State, is ignorance of fact. (8 Barb., 233 ; 40 id., 474, 475 ; 5 Seld., 53 ; 15 N. Y., 193 ; 1 Hall, 80.) Grant, for the argument, that this note was illegal, and that the taking and the making of it, were even felonious ; this is no defense against the note, in the hands of an innocent purchaser for value, before maturity, " unless the note is expressly declared void by statute." (*Grimes* v. *Hillenbrand,* 4 Hun, 354 ; *Hill* v. *Northrup,* 4 N. Y. S. C. [T. & C.], 120 ; *Vallett* v. *Parker,* 6 Wend., 615 ; 2 R. S., 691, § 6 ; *Stoney* v. *Am. L. Ins. and T. Co.,* 11 Paige, 635 ; *Rockwell* v. *Charles,* 2 Hill, 499 ; *Merchants' Bank* v. *Spaulding,* 5 Seld., 53 ; *Oneida Bank* v. *Ontario Bank,* 21 N. Y., 495, COMSTOCK, J.; *Sanford* v. *Wyckoff,* 4 Hill, 442 ; *City Bank of N. Y.*

*v. Barnard*, 1 Hall, 80–84; *Bissell* v. *M. S. and N. I. R. R. Co.*, 22 N. Y., 273, Comstock, J.; Story's Promissory Notes, § 192; Edwards on Bills [m. p.], 337.) And the law of commercial paper is held to be the same in the State of Pennsylvania. (*Creed* v. *Stevens*, 4 Wharton, 223; *Unger* v. *Boas*, 1 Harris, 601.) It is conceded law that a note may be enforced by an innocent holder, who purchases it for value before maturity, even of the one who has gotten it by highway robbery, and from the pocket of the maker, who had never issued it. (*Hall* v. *Wilson*, 16 Barb, 548; 2 Parsons' Notes and Bills, 267, 268; Story's Promissory Notes, §§ 191, 192.) And the law is so held in Pennsylvania. (*Kuhns* v. *Gettysburg Nat. Bank*, 68 Penn. St., 445.)

*D. B. Hill*, for the defendant. The note having been made, executed and delivered in the State of Pennsylvania, and by its terms payable there, it is governed by the laws of that State. (*Curtis* v. *Leavitt*, 15 N. Y., 227 and cases cited; Story on Conflict of Laws [2d ed.], § 361, etc.; *Bowen* v. *Newell*, 13 N. Y., 290; *Waldron* v. *Ritchings*, 9 Abb. [N. S.], 360; *Chapman* v. *Robertson*, 6 Paige, 627; 2 Kent's Comm., 457.) The fact that the note was subsequently purchased by the plaintiff in this State, does not change the rule. (*Cloyes* v. *Hooker* 6 N. Y. S. C. [T. & C.], 448; *Jewell* v. *Wright*, 30 N. Y., 259.) The note was void in its inception. It was given in violation of a statute. It is settled law in this State, that a contract founded upon an unlawful act, whether it be *malum prohibitum*, or *malum in se*, cannot be enforced, but is void. (*Pennington* v. *Townsend*, 7 Wend., 275; *Hallett* v. *Novion*, 14 Johns., 272; *Barton* v. *Port Jackson and Union Falls Plank-road Co.*, 17 Barb., 397; *Berran* v. *Tugnot*, 5 Sandf., 153; *Porter* v. *Havens*, 37 Barb., 343; *Griffith* v. *Wells*, 3 Denio, 226; *Ferdon* v. *Cunningham*, 20 How., 154; *Best* v. *Bauder*, 43 id., 176; *Hoyt* v. *Allen*, 2 Hill, 322; *Conderman* v. *Hicks*, 3 Lans., 108.) It was not necessary, to prevent the plaintiff being considered a *bona fide* holder, that he should know that the consideration was illegal. It is sufficient if he knew what the consideration was. Knowing the facts he was bound to know the law. (*Shotwell* v. *Murray*, 1 Johns. Ch., 512; *Storrs* v. *Barker*, 6 id., 166; *Holman* v. *Johnson*, Cowp., 341; Story on Conflict of Laws [3d ed.], § 274.)

LEARNED, P. J.:

There was no evidence of any failure of consideration, for the defendant was not allowed to prove the facts which might have shown this. The nonsuit was simply on the ground that the note was void in its inception.

Section 3 of the Pennsylvania statute enacts that whenever any promissory note shall be given, the consideration of which shall consist, etc., " the words ' given for a patent right ' shall be prominently and legibly written or printed on the face of such note or instrument above the signature thereto, and such note or instrument in the hands of any purchaser or holder shall be subject to the same defenses as in the hands of the original owner or holder." These words, " such note or instrument," in the place where they are last used, must mean a note . or instrument bearing the words " given for a patent right." They do not include a note given for the consideration of a sale of a patent, which does not bear these words. On this ground the learned justice excluded, in the present case, the evidence of failure of consideration and the like. This must be the correct construction. For if notes, not bearing these words, were open to such defense in the hands of *bona fide* holders, the requirement of the statute that these words should be written on the note would be needless.

The fourth section of the same act declares that it is a misdemeanor punishable by fine and imprisonment, for any person knowing the consideration of such note or instrument to consist of such right to use a patent, to " take, sell or transfer." any note, etc., not having on it the words above mentioned. Nothing is said in this section of the *making* of such a note.

The taking of this note by the plaintiff and the transfer to him do not appear to have taken place in Pennsylvania, and are therefore not affected by this act. The only question is as to the effect on the plaintiff's rights of the taking this note in Pennsylvania by Phelps, in whose hands it had its inception.

It is not necessary to dispute the proposition that in the hands of Phelps this note would have been void. (*Swords* v. *Owen*, 43 How., 176, and cases there cited ; and *Conderman* v. *Hicks*, 3 Lans., 108.) But all those cases were decided between the original

parties, or between those who stood in no better position than the original parties.

But in the hands of a *bona fide* holder, without notice, illegality of consideration is not necessarily a defense. (*Grimes* v. *Hillenbrand*, 11 S. C. N. Y., 354; *Hill* v. *Northrup*, 4 N. Y. S. C. [T. & C.], 120; *Vallett* v. *Parker*, 6 Wend., 615; *Safford* v. *Wyckoff*, 4 Hill, 442.) And this statute does not declare the note void, nor does it even declare the giving of the note to be a misdemeanor.

The defendant, however, insists that these cases do not apply; because he says that the plaintiff knew what the consideration was. Now, if the invalidity of the note depended on the laws of this State, then one who here took the note, knowing the facts which made the note illegal, would, of course, be chargeable with knowledge of the illegality. But, in the present case, the alleged invalidity depends on the statute of Pennsylvania. The existence of such statute is a matter of fact, not a matter of law, as to persons living, and entering into contracts, here. The plaintiff proved affirmatively that he did not know of this statute. The *bona fides*, then, in the purchase of the note is not taken away by his mere knowledge that the note was given for a patent right.

And it must be further noticed that in this case there is not even any illegality of consideration. It is only the *taking* of the note which is to be in violation of a statute. And, in addition to the plaintiff's want of knowledge of the Pennsylvania statute, it does not appear that he knew the fact that the taking of the note by Phelps was within that State. Beyond the limits of that State such taking would not be a misdemeanor.

There should be a new trial, costs to abide the event.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

New trial granted, costs to abide event.