DEBT.                        Gardner *vs* Maxey.

*Case* 33.              APPEAL FROM THE HART CIRCUIT.

*January* 2.    CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

Case stated.         IN this action of debt, brought by Maxey on a note
.for $200, executed by Gardner to Sturgeon, and assign-
·ed to the plaintiff, the defendant pleaded three pleas,
which were adjudged bad on demurrer.   The defend-
ant having failed to plead further, a judgment was ren-
·dered against him, and the case comes before this Court
.upon the single question of the sufficiency of the pleas.
Each of them presents substantially the following facts,
·viz: That the said Sturgeon was about to prosecute the
defendant on a charge of felony, for having maliciously
stabbed him with intent to kill, as he alleged; that he
had consulted with the attorney for the Commonwealth
upon the subject, and had been called to apper before
·the grand jury, then in session, to testify as to said
alleged offence; and that under these circumstances
the note was executed, in consideration of Sturgeon's
agreement to stop said intended prosecution, and not to
appear ·before the grand jury to testify in relation to
said alleged stabbing, and to dismiss an action of tres-
pass for assault and battery, which he had brought
against the defendant for the same alleged stabbing.

If any part of a      It is well settled, that if any part of the considera-
promise, wheth-   tion of a promise, whether verbal or written, sealed or
er verbal or writ-  unsealed, be illegal, the entire promise is void.   And it
ten be illegal, the
whole promise   is equally well settled, that the compounding of a pro-
is void. So the   secution for a felony or other public offence, or an agree-
compounding a
prosecution for   ment to suppress evidence in a judicial proceeding, is il-
a felony—or an
agreement to   legal as being against public policy, subversive of the
suppress evi-   end and object of the laws, and injurious to the morals,
dence in a judi-
cial proceeding,  good order and safety of society.   And although the
is unlawful as a-  pleas show that a prosecution had not been formally
gainst public
policy, though it   commenced, and do not show explicitly that a felony
be the evidence   had been committed, they certainly present strong
of the injured

ground for the implication that a public offence had been committed, which if it did not amount to a felony, was of a character deeply affecting the peace and good order of society, that a public prosecution was intended, and just about to be commenced by the proper authority, through the information and testimony of the party injured, and that the suppression, so far as he could effect it, of that prosecution and of his evidence in support of it, was in part the consideration of the note.

It is true, that notwithstanding the agreement alleged, the party who had agreed to stifle the threatened prosecution, might have been compelled to appear and testify before the grand and petty juries, and the prosecution might have been instituted and carried on to its proper termination.

But the same would be substantially true if an indictment had been already found. It is as clearly against the principles and policy applicable to the subject, to compound or stifle a prosecution about to be commenced as to compound one actually set on foot. And we do not perceive that it is any more essential to the establishment of the illegality of the act in the former case, that it should be made certain that the offence for which a prosecution was threatened, had been actually committed, than it is in the latter case. The Commonwealth, it is true, does not desire the prosecution, and much less the conviction of the innocent, but would prefer rather that even the guilty should escape. But it is the interest of the Commonwealth, and the policy and intention of the law, and is essential to public order and individual security, that the laws against offences injurious to the public, should be fairly administered and enforced. And to this end it is essential that the course of public justice should not be obstructed by private combinations or agreements for preventing the fair investigation of alleged offences. The Commonwealth has a right to rely upon the individual who has received special injury from the commission of a public offence, as the special instrument for its ascertainment and punishment in the due course of law. The particular in-

GARDNER
vs
MAXEY.

party, and is not a valid consideration for a promise either verbal or written.

It makes no difference whether the prosecution be commenced or not.

GARDNER
*vs*
MAXEY.

terest which he may be supposed to feel in bringing the offender to justice, is one of the securities on which the public relies, and has a right to rely for the enforcement of the laws and its own safety ; and an agreement by which this interest is turned against the Commonwealth, is in violation of her rights and policy. The particular grade or circumstances of the offence, and even the fact of one having been committed, or by whom done, may often be known to none but the offender and the party injured. If they agree that for a reward paid, or to be paid by the former, the latter shall not inform or give evidence, or institute a prosecution against the former, such an agreement implying a charge and admission of an offence, or at least that there were reasonable grounds for the charge, and having for its direct object the suppression of the appropriate and appointed means for its ascertainment and punishment, would seem to be as directly subversive of the end and policy of the law, if made after, as if made before a prosecution was actually commenced; and might even be more dangerous, or more injurious in its effects, as in the latter case the facts and the witness would probably be already known, while in the former they might be altogether concealed. And as the agreement itself is based upon the assumption that the alleged offence had been committed, and at least implies an admission on the part of the alleged offender, that a prosecution would be dangerous to him, and might result in his conviction, we think the agreement itself, and especially in connection with the declarations and measures of the party charging the offence, furnishes sufficient evidence as between the parties, and so far as the legality of the contract is concerned, that there were such grounds for a prosecution, as that the parties had no right, by their private agreement, to suppress it, and that the promise having such agreement for its consideration, was illegal and void. If the plea had averred that a felony had been committed as alleged by the promiser, and this had been traversed by the replication, (which would have presented a strange issue,) the declarations of the promiser that the felony had

been committed, his threats of a prosecution for it, and his communicating with the Commonwealth's Attorney on the subject, resulting in a call upon him to appear before the grand jury as a winess to prove it, would have been sufficient evidence against him if he were the plaintiff, and is sufficient against his subsequent assignee suing on the note, to prove as far as it was necessary that there were grounds for the prosecution, and to establish the illegality of the agreement to suppress it. And the same facts would leave no real ground for discriminating between the application of the rule of policy to this case, as it was, and as it would have been, if the agreement had not been made until after an indictment had been found on the evidence of Sturgeon, the promisee in the note.

If it be true, as has been intimated in some cases, that an agreement to make to the prosecutor of an indictment for a misdemeanor, particularly of a private nature, (as an assault,) a reasonable compensation for the injury sustained by him is not illegal, though the consideration be the staying of the proceedings on the indictment, we are of opinion that this case as presented by the pleas, does not come within the principle of such an exception to the general rule. Upon the face of the pleas, the parties compounded an intended, and as may be said, an initiated prosecution for a felony. And although it is said in the body of the note, that "this is in a compromise of our law suit," yet if a part of the consideration was in fact the stopping of the threatened prosecution, and the suppression or withholding of the evidence of the promisee by which it might have been supported, the defendant, notwithstanding the clause of the note above quoted, is at liberty to aver and prove it, with the effect of avoiding the instrument, the only operation of the clause being to render the proof more difficult.

It was not necessary to aver, as some of the pleas do, that the omission to insert as a part of the consideration or arrangement, the stopping of the prosecution, was by mistake of the draftsman. If the note had expressly stated that this was no part of the considera-

GARDNER.
vs
MAXEY.

An obligor is not estopped by the fact that a consideration is stated upon the face of a note which appears to be valid, from aver-

tion, the contrary might have been averred and proved with effect. The right of avoiding a contract, having for its object or consideration the defeat of the law itself, is allowed not for the advantage of the party, but for the benefit of the public, and it cannot be precluded by estoppal or by express agreement. And if by entering into this illegal contract, the party injured should have precluded himself from all remedy for recovering compensation for the private injury which he may have sustained, he will have no right to complain that the attempted injury to the public has recoiled upon himself. The plaintiff, however, will have an opportunity on the return of the cause, of answering the pleas, which as the case now stands, are taken as true in every particular.

Wherefore, the judgment is reversed, and the cause remanded, with directions to overrule the demurrer to each of the pleas, and for further proceedings consistent with this opinion.

*Craddock* for appellant; *Pirtle & Speed* for appellee.