Caldwell, J.
The principal objection urged by counsel to the proceedings of the court below is, that an administrator de bonis non cannot bring a suit against a former administrator; that the judgment against Dennison not being one that Adkins, as administrator, could bring, O’Conner was in no way bound by it; and that the second breach, without such averment of the judgment, would not be good. We are referred to a number of decisions which counsel contend establish the doctrine, that an administrator de bonis non cannot, in a case of this kind, maintain an action against the former administrator. In reference to this question we would merely remark, that on general principles, it would appear reasonable, that the administrator de bonis non, whose business it is to look after the effects of the estate, to collect the claims due to it, and pay the debts owing by it, and to marshal the assets for distribution, should have a right to prosecute a claim against a former administrator; but be this as it may, and be the decisions in other states what *228 they may on this point, our legislature, as we think, has defi nitely settled the question. The statute of 1831, vol. 29, p. 235, under which the administration of this estate was commenced, provides for a suit, by the administrator who may be appointed in the place of any administrator who may have resigned, or been removed, against such administrator for any moneys, assets, rents or profits that may have been received by such administrator, as well as all damage done by such administrator to the estate. The present statute (Swan, 344) contains a similar provision. The second breach, we think, was well assigned, and the court of common pleas decided correctly in overruling the demurrer. The judgment against the administrator is prima facia evidence against the surety in the bond, and he can only impeach it by proof of collusion or mistake.
It has also been suggested in argument that the court erred in giving judgment on the first breach. Whatever question might have arisen as to that breach, had the defendant demurred, we suppose that, after plea and judgment, it is too late for him to avail himself of any such defect. We are of opinion, however, that the breach is well assigned. It is made the duty of the administrator to settle up the estate, and make his return to the court. The allegations are, that he did not settle up the estate, and did not make return to court according to the statute. The damage under it might be nominal; it would still be a breach of the bond.
We see no error whatever in the proceedings of the court of common pleas, and therefore affirm the judgment.