Wyoming General Term, February, 1850.   *Mullett, Sill, and Marvin,* Justices.

### Durfee *vs.* Eveland.

The fact that on a trial in a justice's court, the jury, during their deliberations, had in their possession the minutes of the testimony taken by the counsel for the successful party, is sufficient cause for reversing the judgment.

If, under any circumstances, a judgment thus obtained can be permitted to stand, it must affirmatively appear that the losing party could not have been prejudiced by such proceeding.

This was an action of assumpsit, commenced before a justice of the peace, where the plaintiff recovered. The judgment was removed by certiorari, to the Wyoming county court and reversed. The defendant in error in the latter court, the plaintiff before the justice, appealed to this court. It appeared by the return of the justice that the jury, during their deliberations, had the minutes of testimony taken on the trial by the plain-

. Durfee *v.* Eveland.

tiff's counsel. This, among others, was urged as a reason for affirming the judgment of the county court.

*George Hastings,* for the appellant.

*L. W. Thayer,* for the respondent.

*By the Court,* SILL, J. The justice's return does not disclose any error or irregularity on the trial, sufficient to reverse his judgment; except the fact that the jury, during their deliberations, had the minutes of the testimony, which were taken by the plaintiff's counsel on the trial. The affidavit upon which the certiorari was allowed, it is evident, was not as fully and directly answered on this point by the return, as it should have been ; for we find by the record that the justice was ordered to amend it in this respect and others. The amended return is not as full as might have been expected. Still the fact above stated, plainly appears, although the mode in which the jury obtained these minutes, is not disclosed. The justice says he was ignorant of it till after the verdict was pronounced. The delivery of these minutes to the jury, by the plaintiff's counsel, (which must be presumed,) and their receiving and retaining them, was a gross impropriety on the part of all concerned in the transaction.

If, under any circumstances, a judgment thus obtained can be permitted to stand, it must affirmatively appear that the losing party could not have been prejudiced by this proceeding. From such an abuse of legal proceedings, injustice must be presumed, unless the contrary is most clearly and satisfactorily shown. Even if this appeared, it may well be doubted whether such conduct can be overlooked in any case.

The judgment of the county court, reversing that of the justice, should be affirmed.