## SUPREME COURT.

### ABIRAM FELLOWS agt. SAMUEL VAN HYRING and others.

Where parties knowingly advance means to aid another to compromise a felony, and are present and assist in the negotiation, the mortgage taken by them for such consideration is *void*.

Where the assignee under such mortgage takes the property, without any other indemnity from the mortgagees than the assignment, the latter are not liable for such taking.

A certified copy of a chattel mortgage is not admissible in evidence until the existence of the original is proved.

*Clinton General Term, September*, 1857.

THIS cause was tried in justice's court, in Saratoga county, February 20, 1857. The following facts appeared on the trial: James Earl owned the horse in question, worth about $80, with other property, which was mortgaged to the plaintiff June 10, 1856. September 15, 1856, Earl, and his son J. Emet Earl, gave a chattel mortgage upon the same property, to the defendants, to pay $81.63 for the amount of their note given to one Patrick McCarty. The last mortgage was filed first, and thus obtained priority over the mortgage of Fellows.

The last mortgage was given under the following circumstances: A trial had been had in justice's court between said James Earl and Patrick McCarty, upon which trial the defendants had been witnesses for the said McCarty, and Emet Earl had been a witness for his father, and the latter had recovered a judgment of about $50. Shortly after, McCarty made a complaint for perjury against Emet Earl, before a justice of the peace at Ballston, and obtained a warrant, upon which the latter was arrested a few days after, about midnight, at his house, and taken to the justice's residence, about twelve miles distant. Emet and his father were both poor and ignorant, and when the father came before the justice the next day, he proposed to settle

the matter. A long negotiation took place between Mc Carty, his attorney and the defendants and the Earls, which lasted nearly all day, when it was finally agreed that Earl should pay back the amount of the judgment, and all costs and expenses the county had sustained, and the criminal charge be discontinued. The Earls had no money, and McCarty would not take their note or chattel mortgage, and then it was agreed that the defendants should give their note to McCarty, and the Earls gave this mortgage to secure the amount of said note. The criminal matter was not further prosecuted, and all parties went home.

When the defendants' mortgage became due, the Earls refused to pay it, and were advised it was void. The defendants then sent for one Clute, an attorney, who was not pecuniarily responsible, and assigned the chattel mortgage to him, for which they took his note at six months. Clute then, about January 29, 1857, took away the property covered by the chattel mortgage, including the horse in question, and alleged that he was acting by the authority of the defendants.

The Earls assigned the cause of action to the plaintiff, January 30, 1857, in consideration of his mortgage, and he brought a special action on the case against the defendants for the value of the horse. On the trial the plaintiff called said Clute as a witness, who denied that he acted for the defendants, but claimed he acted on his own behalf. The plaintiff offered in evidence a copy of the chattel mortgage given by Earl to Fellows, from the office of the town clerk where the said Earl resided, duly certified by said clerk. The original mortgage was on file, but not produced, or its execution proved. This was objected to by the defendants, on the ground that the original mortgage should be produced and its execution proved. The objections were overruled, and the certified copy read in evidence. The jury rendered a verdict for the plaintiff for $78.33, upon

which judgment was entered, and the defendants appealed to the county court. The county judge having been consulted, he certified the cause into the supreme court, where the same was argued in the fourth district at general term, July, 1857, by

A. Pond, *for the defendants.*
E. F. Bullard, *for the plaintiff.*

I. The plaintiff contended that the chattel mortgage to the defendants was void, and that the defendants, with a full knowledge of that fact, assigned the same to Clute with the expectation that he would take the property, and that such an assignment was an implied warranty of the validity of the mortgage. That if the plaintiff had recovered against Clute, he could have recovered over against the defendants, and therefore this action should be sustained to avoid circuity of action.

II. The statute makes the copy of the chattel mortgage thus certified, evidence, and therefore it was properly admitted in evidence. How far it was evidence, or what it proved, is another question. At all events, its admission in this case should not reverse the judgment.

By the court, James, Justice. The evidence was ample to warrant the jury in finding that the mortgage to the defendants was void as having been obtained of Earl while under duress, as hush-money to cease a prosecution for felony ; still, the papers transferred to Clute the nominal legal title to the mortgage, and as such owner he had perfect authority to act under it, and to avail himself of all its provisions. The proof is undisputed that Clute took the colt from Earl, and nothing appears in the case to connect the defendants, or either of them, with that act before or at the time, or with the property since. In fact, Clute testifies " that he took the colt on his own responsibility, and without any authority from the defendants." There is no

sufficient proof to connect the defendants with that taking, or to make them responsible for Clute's acts. The verdict was therefore against evidence, not against the weight of evidence simply; but there is no evidence to support it. For this reason the judgment should be reversed.

The justice also erred in receiving in evidence the certified copy of what purported to be a chattel mortgage, as introduced by the plaintiff. There was no proof that an original of said mortgage, executed by Earl the alleged mortgagor, ever existed. Until it was affirmatively established that there was such original, a pretended copy was not admissible in evidence for any purpose whatever. The town clerk's certificate did not aid the plaintiff, nor give to his pretended copy any additional force or effect until the original was legally proved, and then the certified copy was admissible in evidence as proof that such instrument or copy was received and filed according to the indorsement of the clerk thereon. (2 *R. S.*, 71, 2*d ed.*) The other questions it is not necessary to consider.

Judgment of the justice reversed.