By the Court.—Curtis, J.
The action is to recover the value of certain personal property, alleged' to have been converted by the defendant. The answer sets up a general denial, and also that a portion of the property in question was levied upon for the non-payment of rent of a house, owned by defendant, under a warrant of distress, pursuant to the laws of New Jersey.
At the trial, the plaintiff testified that having a chattel mortgage on the property in question, of which he had previously demanded payment, he went to Long Branch, packed the property in boxes, and placed it in a wagon, which the defendant stopped, and had the property replaced in the house. The plaintiff called a witness who testified, he had received the mortgage to foreclose and mislaid it, and could not find it. No objection was interposed as to the sufficiency of the proof of loss. The plaintiff produced a paper, which he testified was a copy of the original mortgage, and the words “James Smith” were a copy of the signature of “James Smith,” the subscribing witness to the mortgage, who was his clerk, and whom he had left in his store that morning. The defendant’s counsel objected to the admission of the copy, in the absence of the subscribing witness to prove his attestation. The objection .was overruled, and the defendant excepted. The paper purported to be a mortgage from one Francis Winchester to plaintiff, to secure two thousand five hundred dollars, on demand, covering (inter alia) property of the description. referred to by the plaintiff in his testimony.
*21 The defendant excepted to the exclusion of testimony offered by him to prove the mortgage was given to the plaintiff without consideration, and also excepted to a direction of the court, allowing the memoranda of the counsel of the parties, as to the testimony respecting the value of the property, to be taken by the'jury, at the close of the charge.
The general rule with respect to the proof of all private writings is, that when an instrument is attested, the attesting witness ought to be produced at the trial to prove it, and that where the attested instrument is lost or destroyed, and the witness is known, he must be called. The latter contingency would seem to call for the most rigorous application of this ancient rule of the English law of evidence that the witness must be called. The admission of the copy of the mortgage in evidence, without calling the subscribing witness, whom the plaintiff could easily have produced, was erroneous, unless there is force in the plaintiff’s claim, that the exception was not well taken, because the ground of the objection was, that the subscribing witness should be produced to prove “ his attestation,” instead of the execution of the instrument. This distinction does not seem to be well founded. They are spoken of as the same thing. For instance, Blaokstohe says, “The last requisite to the validity of a deed is the attestation, or execution of it, in the presence of witnesses” (2 Bl. Com. 307). The defendant’s exception to the admission of the copy was well taken (2 Phil, on Ev. Cow. & H. 557; Moore v. Livingston, 28 Bart. 543 ; Bissel v. Pearce, 28 N. Y. 256, 257; Fellows v. Van Hyring, 23 How. Pr. 230 ; Hodnett v. Smith, 2 Sweeny, 406).
If the chattel mortgage had been duly proved and put in evidence, the defendant should not have been refused the opportunity to show that it was invalid. The complaint gave him no notice that the plaintiff claimed the property in question, under that mortgage. *22 The form of the pleading was such, that the defendant was not in a position to set up matter in avoidance of the mortgage in his answer, and one of those cases was presented, where the law allows the matter in avoidance to be given in evidence, without its being pleaded in the answer. It becomes necessary in furtherance of justice (Ruckman v. Cowell, 1 Com. 508).
' In ■ reference to the defendant’s exception to the direction of the court, allowing the jury to take with them, the memoranda of the respective counsel, as to the evidence of value, it appears to be the rule, that the jury cannot take with them writings, other than such as have been put in evidence (Howland v. Willett, 9 N. Y. 175). It has been very properly held that the possession by the jury, during their deliberations, of the minutes of the testimony, taken by the counsel of the successful party, was a sufficient cause for reversing the judgment (Durfee v. Everland, 8 Barb. 46). The defendant’s exception to this direction of the court would have been well taken, if he had not covered too much by his objection, and exception, embracing in the same objection and exception, his own memorandum of the testimony, concerning value which had, pursuant to. his request, already been taken by the jury, as well as the memorandum of the plaintiff’s counsel. He should have limited his objection and exception to his opponent’s memorandum, to have made it available.
It is urged on the argument that irrespective of any rights under the mortgage, the plaintiff’s bare possession of the property, with a claim of title, was sufficient to enable him to maintain the action. It was justly said by the court, in granting the order for a new trial appealed from, that “ this was not his position on the trial, which proceeded on the basis, that his possession was solely under a chattel mortgage, and so the learned judge in substance charged the jury.”- If the plaintiff had wished to avail himself of this position, he should *23 have taken it at the trial, where the defendant would have had an opportunity of meeting it. He elected to-rely upon the chattel mortgage, and his rights, if any under that, and upon that went to the jury. It might work injustice, if the court, upon appeal, should look through the evidence, imperfectly as a whole, presented by the bill of exceptions, and say that upon a different and distinct claim, than that presented at the trial, the plaintiff’s verdict is to be sustained. Lord Kenyon held, in Sheriff v. Codell (3 Esp. 616), that if a plaintiff in trover, to establish property, offers written evidence which he fails in maintaining, he shall not be allowed to recur to, and rely on, a mere possessory title.
The order appealed from, sustaining the defendants’ exceptions, and granting a new trial, should be affirmed, with costs.
Feeedman and Speir, JJ., concurred.