GEORGE W. SMILLIE and others

*v.*

JAMES TITUS, JR., and others.

A gold-refiner, on being accused, confessed that he had taken gold entrusted to him by his employers to refine. While under arrest at the police-station, he agreed to make restitution by giving a mortgage on his lands for the amount which he admitted he had taken, and accordingly gave such mortgage, which was drawn by a lawyer and duly acknowledged by him and his wife. He was afterwards indicted for the offence, pleaded guilty and was sentenced. On foreclosure,—*Held*, that the mortgage was not void on the ground of duress.

---

Bill to foreclose. On final hearing on pleadings and proofs.

NOTE.—The process of a court cannot be used to extort from persons under arrest or threatened therewith, moneys alleged to be due from them or to have been stolen &c. by them. *Hackett* v. *King, 6 Allen 58; Seiber* v. *Price, 26 Mich. 519; Phelps* v. *Zuschlag, 34 Tex. 371; Bane* **v.**

*Mr. C. F. Hill,* for complainants.

*Mr. H. A. Drake,* for Titus and wife.

THE CHANCELLOR.

The defence set up in the answer (which is filed by Titus and his wife) to the complainants' mortgage, is that it was given for no consideration and through duress of threats and actual imprisonment on a false charge of crime. The evidence not only does not establish the defence, but disproves it. The complainants were, when the charge of

*Detrick, 52 Ill. 19; Fay* v. *Oatley, 6 Wis. 42; Bowen* v. *Buck, 28 Vt. 308; Gebhart* v. *East Saginaw, 40 Mich. 336.*

A defendant, by means of threats of personal violence and menaces, compelled one S. to pay him money which he believed to be justly due to him from S. On indictment therefor,—*Held,* not to constitute robbery. *State* v. *Hollyway, 41 Iowa 200.*

The following cases show the circumstances under which the obligations of defendants, given to obtain their discharge from *legal* arrest, have been sustained:

In *Shepard* v. *Watrous, 3 Caines 166,* a defendant, under arrest for slander, made his note to the plaintiff, and agreed to submit the amount to be inserted therein to arbitrators who subsequently reported.

In *Crowell* v. *Gleason, 10 Me. 325,* a defendant, while under arrest for an assault on A. and before the magistrate, on C.'s proposition that he (C.) should pay to the defendant a sum of money and stop the proceedings on condition that defendant convey to him certain lands, executed a deed therefor.

In *Meek* v. *Atkinson, 1 Bail. 84,* a defendant under arrest on civil process for trover of a slave, requested the officer to wait until the arrival of some friends whom he expected to go his bail, to which the officer assented. Before the bail was given, the parties compromised by the surrender of the slave and the discontinuance of the suit.

In *Waterman* v. *Barratt, 4 Harring. 311,* a defendant was sued in Delaware for a just debt and afterwards arrested in Ohio on another suit for the same debt, and gave his note to obtain his release from confinement there. Also, *Stouffer* v. *Latshaw, 2 Watts 165; Kelsey* v. *Hobby, 16 Pet. 269.*

In *Smith* v. *Atwood, 14 Ga. 403,* both plaintiff and defendant were in custody on suits brought against one another, and released one another.

In *Hatter* v. *Greenlee, 1 Port. 222,* a defendant was arrested for stealing a slave of the plaintiff, and, when brought before the justice, surrendered the slave and gave a note on condition of his discharge from arrest and that plaintiff would dismiss the suit.

In *Cort* v. *Phillips, 2 N. Y. Leg. Obs. 302,* A. was arrested for embezzling money from his employer, and taken before a magistrate.

Smillie v. Smith.

crime was made, and had been for a long time previously thereto, goldsmiths in Newark, and Titus was and had been for about five years in their employ in their factory as a stock melter and refiner. In July, 1869, he was accused by one of complainants (Smillie) of stealing their gold, which had been entrusted to him in the course of his employment. He confessed his crime, and stated that he had taken the gold, supplying its place with copper. While under arrest at the police-station, he agreed to make restitution by giving a mortgage on some real estate owned by him in Princeton, and he then gave the mortgage in suit. He stated that

---

Afterwards he and B. gave a bond to A.'s employer, who intimated that the prosecution would be abandoned; nevertheless, his attorney told defendants that they were not to consider that there was any agreement to that effect.—*Held*, a question for the jury, whether the plaintiffs meant to forego the prosecution and that defendants signed the bond under that expectation. Also, *Alexander* v. *Pierce, 10 N. H. 494; Bibb* v. *Hitchcock, 49 Ala. 468.*

In *Walbridge* v. *Arnold, 21 Conn. 424,* a defendant, who was blind, was under arrest for an assault committed by him and several others on plaintiff, and, while under arrest, gave his note in compromise of the offence.

In *Fisher* v. *Apollinaris Co., L. R. (10 Ch.) 297,* the prosecutors in a trade-mark case offered no evidence against the offender, and he was acquitted and gave a letter of apology to the prosecutors to use as they saw fit. They published the letter as an advertisement.—*Held*, that the arrangement as to the apology was not void for duress, and that the prosecutors could not be enjoined from publishing the letter. See *Boston Co.* v. *Florence Co., 114 Mass. 69.*

In *Crowne* v. *Baylis, 31 Beav. 351,* a clerk had robbed the bank in which he was employed, of a large amount. On his detection and accusation, he confessed and offered to transfer to the bank two policies of insurance on his own life, and did so, to make amends as far as possible.—*Held*, that such transfer was valid. See *Cox* v. *Paxton, 17 Ves. 329.*

In *Hays* v. *Lusk, 2 Rawle 24,* a defendant in charge of a constable, gave his sealed bill to settle a claim against him for killing plaintiff's cattle, for which he was then in custody.

In *Work's Appeal, 59 Pa. St. 444,* a mother and son were arrested on complaint of the father that they had fraudulently destroyed an assignment to him of a share of an estate, and, also, stolen his goods. While at the alderman's office, the father agreed to withdraw the prosecution if the son would assign the fund to him and defendants pay the costs. Their counsel told them they would have to accept the proposition or go to prison. The assignment was thereupon made.—*Held*, not binding on the son.

In *Nelson* v. *Suddarth, 1 Hen. & Munf. 350,* a defendant was decreed to convey certain lands to a complainant, and was attached for con-

the gold which he had taken was of the value of about $1,200, and he voluntarily made an affidavit in which he stated that, while in the employ of the complainants, he had, during the eighteen months then last past, stolen gold, the property of the complainants, to the amount of $1,000 at least, and that he had taken it from the fine gold given to him to be melted, supplying its place with copper. He was tried for the offence, pleaded guilty and was sentenced to imprisonment in the state penitentiary for a term of two years. He served the greater part of his term and was then pardoned.

tempt for not complying. While in the custody of the sheriff, and on his advice, he gave a bond for the intervening profits of the land, and paid the amount. Afterwards, on review, the decree was reversed, and the amount of the bond decreed to be repaid.

In *Taylor* v. *Cottrell, 16 Ill. 93,* the defendant sold a boat to two different persons, and was arrested on a charge of swindling preferred by the first purchaser. While in the custody of the constable he gave a note with a surety for the value of the boat, and was thereupon discharged.

In *Stebbins* v. *Niles, 25 Miss. 267,* N. had been for several years the agent of an association in New York to sell lands in Mississippi, of which S. was the president. A dispute arose between them in regard to the sales, but N.'s accounts had never been questioned. After several invitations, N. went to New York, and, on his arrival, was arrested for a deficiency in his accounts, and held in $50,000 bail, which he was unable to obtain. Soon after his arrest he went with the officer to a house where he met S. and the solicitor of the company, and N. signed an agreement relinquishing his claims on the company, and was thereupon released.—*Held,* that the agreement was void.

In *Smith* v. *Rowley, 66 Barb. 502,* the plaintiff's husband was charged by the defendant with embezzling money from him, and she, at her husband's request, and on the implied agreement of the defendant not to prosecute him, executed a deed of lands to the defendant. Also, *Green* v. *Scranage, 19 Iowa 461; Gohegan* v. *Leach, 24 Iowa 509; Eadie* v. *Slimmon, 26 N. Y. 9; Jackson* v. *Ashton, 11 Pet. 229; Ingersoll* v. *Roe, 65 Barb. 346. Query*—How far a married woman's acknowledgment of such an instrument, would cure any duress. *Worcester* v. *Eaton, 13 Mass. 377; Bissett* v. *Bissett, 1 Har. & McH. 211; Central Bank* v. *Copeland, 18 Md. 319.*

In *Legg* v. *Leyman, 8 Blackf. 148,* a debtor absconded and was pursued into another state by a creditor to whom he had given a forged note. He, being accused, admitted the forgery, and his creditor offered to return the note if he would deliver to him certain property, which was accordingly done. But see *Dixon* v. *Olmstead, 9 Vt. 310.*

In *Lyon* v. *Waldo, 36 Mich. 345,* a wife began a prosecution against her husband for adultery and had him arrested. During his arrest he gave her a mortgage to abandon the prosecution, and thereafter for sev-

Smillie *v.* Smith.

There is no ground to suspect that the mortgage was the result of oppression or imposition. He confessed the larcenies and himself fixed the amount of them, and, expressing contrition and a desire to make restitution, he executed the mortgage. It was drawn by a lawyer, who took the acknowledgment of Titus's wife, and Titus's acknowledgment was taken by a commissioner who swears that he informed him of its contents, and that he understood the instrument and its object and effect.

There will be a decree for the complainant.

---

eral years paid the interest thereon. On foreclosure by the wife, the court was equally divided on the point whether the mortgage was absolutely void, or only voidable and so ratified by the husband's payments as to be enforceable. See *Dixon* v. *Dixon, 7 C. E. Gr. 91; Sickles* v. *Carson, 11 C. E. Gr. 440.*

In *Garth* v. *Earnshaw, 3 You. & Coll. 584,* a wife had her husband indicted for an assault, but abandoned the prosecution after trial, in consideration of his settling on her an annuity.—*Held,* illegal, although entered into with the sanction of the court where the indictment was tried, and not provable as against the husband's creditors.

In *Athens* v. *Ware, 39 Me. 345,* a bond given to obtain release from an arrest made by the collector for taxes in arrear, was deemed good. See *Taylor* v. *Board of Health, 31 Pa. St. 73.* So, in *Bates* v. *Butler, 46 Me. 387,* notes given by convicts for fines and costs, as authorized by statute. So, in *Rood* v. *Winslow, 2 Doug. (Mich.) 68,* a mortgage for $1.000 given by a convict, as a condition of his being pardoned.

The duress may be waived by the obligor. *Murphy* v. *Paynter, 1 Dill. 333; Davis* v. *Fox, 59 Mo. 125.*

Threats of an *illegal* arrest or imprisonment render void an instrument procured through them. *Richards* v. *Vanderpool, 1 Daly 71; Bush* v. *Brown, 49 Ind. 573; Foss* v. *Hildreth, 10 Allen 76; Hoyt* v. *Dewey, 50 Vt. 465; Reg.* v. *John, 4 Cent. L. J. 68; Schultz* v. *Culbertson, 46 Wis. 313; Foshay* v. *Ferguson, 5 Hill 154; Jackson* v. *Ashton, 11 Pet. 229.*

But not threats to make a *legal* arrest or begin a criminal prosecution. *Moore* v. *Adams, 8 Ohio 372; Harmon* v. *Harmon, 61 Me. 227; Knapp* v. *Hyde, 60 Barb. 80; Dixon* v. *Dixon, 7 C. E. Gr. 91; Catlin* v. *Henton, 9 Wis. 476; Claflin* v. *McDonough, 33 Mo. 412; Snyder* v. *Braden, 58 Ind. 143; Harris* v. *Tyson, 24 Pa. St. 347; Landa* v. *Obert, 45 Tex. 539; Plant* v. *Gunn, 2 Woods 372.* See *Waller* v. *Cralle, 8 B. Mon. 11; Fulton* v. *Hood, 34 Pa. St. 365.*

Equity has jurisdiction to relieve in such cases. *Story's Eq. Jur. § 239; McLin* v. *Marshall, 1 Heisk. 678; Harshaw* v. *Dobson, 64 N. C. 384; Thurman* v. *Burt, 53 Ill. 129; James* v. *Roberts, 18 Ohio 548; Miller* v. *Miller, 68 Pa. St. 486; Bowen* v. *Buck, 28 Vt. 308; Loomis* v. *Cline, 4 Barb. 453; Wilson* v. *Spencer, 1 Rand. 76; Breathwit* v. *Rogers, 32 Ark. 758; Henderson* v. *Palmer, 71 Ill. 579.*

How far the maxim *in pari delicto* etc. applies. *Smith* v. *Rowley, 66 Barb. 502; Moore* v. *Adams, 8 Ohio 372; Schultz* v. *Culbertson, 46 Wis.*

Smillie *v.* Smith.

*313; Gohegan* v. *Leach, 24 Iowa 509; 'Osborn* v. *Robbins, 36 N. Y. 365; Jackson* v. *Ashton, 11 Pet. 229; Bettinger* v. *Bridenbecker, 63 Barb. 395; Dixon* v. *Olmstead, 9 Vt. 310; Wight* v. *Rindskopf, 43 Wis. 344; Worcester* v. *Eaton, 11 Mass. 368; Tantum* v. *Miller, 3 Stock. 551; Gotwalt* v. *Neal, 25 Md. 434; Adams* v. *Barrett, 5 Ga. 404; Puckett* v. *Roquemore, 55 Ga. 235; Hoyt* v. *Dewey, 50 Vt. 465; Goodall* v. *Lowndes, 6 Q. B. 464.*

If the compounding of a felony or offence forms part of the consideration of an instrument given in personal satisfaction, it renders it void: As cheating at cards (*Osbaldiston* v. *Simpson, 13 Sim. 513, 7 Jur. 734*); or disturbing a religious meeting (*Edgcombe* v. *Rodd, 5 East 294*); or forgery (*State Bank* v. *Moore, 2 South. 470; Brittin* v. *Chegary, Spen. 625; Thompson* v. *Whitman, 4 Jones 47; Garner* v. *Qualls, Id. 223; Williams* v. *Bayley, L. R. (1 H. of L.) 200; Legg* v. *Leyman, 8 Blackf. 148*); or obtaining goods or money under false pretences (*Shaw* v. *Reed, 30 Me. 105; Baker* v. *Farris, 61 Mo. 389; Kimbrough* v. *Lane, 11 Bush 556; Conderman* v. *Hicks, 3 Lans. 108; Bowen* v. *Buck, 28 Vt. 308; Clubb* v. *Hutson, 13 C. B. (N. S.) 414; Porter* v. *Haven, 37 Barb. 343; Conderman* v. *Trenchard, 58 Barb. 165*); or embezzlement (*Southern Co.* v. *Duffey, 48 Ga. 358; Barclay* v. *Breckinridge, 4 Metc. (Ky.) 374; Cheltenham Co.* v. *Cook, 44 Mo. 29; Critchley's Case, 3 Dowl. & L. 527; Drage* v. *Ibberson, 2 Esp. 643; Wickham* v. *Gatrill, 2 Sm. & Giff. 353; Partridge* v. *Hood, 120 Mass. 403; Bibb* v. *Hitchcock, 49 Ala. 468; Peed* v. *McKee, 42 Iowa 689; Phelps* v. *Zuschlag, 34 Tex. 371; see Ward* v. *Lloyd, 6 M. & G. 785*); or larceny (*Com.* v. *Pease, 16 Mass. 91; Work's Appeal, 59 Pa. St. 444*); or perjury (*Collins* v. *Blantern, 2 Wils. 341, 1 Smith's Lead. Cas. *489; Pool* v. *Bonsfield, 1 Camp. 55; Harvey* v. *Morgan, 2 Stark. 17; Grover* v. *Bruere, 4 Hal. 319; Breathwit* v. *Rogers, 32 Ark. 758; Fellows* v. *Hyring, 23 How. Pr. 230*); or rape (*Forshner* v. *Whitcomb, 44 N. H. 14; Loomis* v. *Cline, 4 Barb. 453*); or mayhem (*Adams* v. *Barrett, 5 Ga. 404; but see Blake's Case, 6 Rep. 43b*); or abortion (*Bettinger* v. *Bridenbecker, 63 Barb. 395; see Bush* v. *Brown, 49 Ind. 573*); or for not opposing a divorce (*Kilborn* v. *Field, 78 Pa. St. 194; Sampson* v. *Cresson, 6 Phila. 229; Stoutenburg* v. *Lybrand, 13 Ohio St. 228*); or adultery (see *Lyon* v. *Waldo, 36 Mich. 345, supra*); or criminal conversation (*Elworth* v. *Bird, 2 Bing. 258*); or passing counterfeit money (*Daimouth* v. *Bennett, 15 Barb. 541*); or nuisances (*Fallowes* v. *Taylor, 7 T. R. 475; Lindsay* v. *Smith, 78 N. C. 328*); or extortion (*Prough* v. *Entrikin, 11 Pa. St. 81*); or malicious mischief (*Cameron* v. *McFarland, 2 Car. Law Repos. 414*); or not repairing a highway (*Reg.* v. *Blakemore, 14 Q. B. 544*).

The exceptions to the rule are obligations given for an assault or battery (*Price* v. *Summers, 2 South. 578; Whitenack* v. *Ten Eyck, 2 Gr. Ch. 249; State* v. *Hunter, 14 La. Ann. 71; Mathison* v. *Hanks, 2 Hill (S. C.) 625; Holcomb* v. *Stimpson, 8 Vt. 144; Baker* v. *Townsend, 7 Taunt. 422; Elworthy* v. *Bird, 2 Sim. & Stu. 372; Rushworth* v. *Dwyer, 1 Phila. 26; see, however, Garth* v. *Earnshaw, 3 You. & Coll. 584; Gardner* v. *Maxey, 9 B. Mon. 90; Vincent* v. *Groom, 1 Yerg. 430; Corley* v. *Williams, 1 Bail. 588*); but not if the assault amounts to a riot (*Keir* v. *Leeman, 6 Q. B. 308, 9 Q. B. 371*); or, to compromise a prosecution for bastardy (*Haven* v. *Hobbs, 1 Vt. 238; Holcomb* v. *Stimpson, 8 Vt. 141; Bish. on Cont. § 476; Jackson* v. *Finney, 33 Ga. 512; Self* v. *Clark, 2 Jones Eq. 309; Hoit* v. *Cooper, 41 N. H. 111; but see Smith* v. *Pinney, 32 Vt. 282*); but not after an indictment therefor and the close of the state's evidence (*Shiver* v. *State, 23 Ga. 230*); although it would be good after indictment but before trial (*Goodall* v. *Lowndes, 6 Q. B. 464*). See, further, *7 Wait's Actions 79.*—Rep.