GEORGE W. GORHAM *vs.* CHARLES M. KEYES & others.

Berkshire. Sept. 9. — Oct. 27, 1884. C. ALLEN & COLBURN, JJ., absent.

No action can be maintained upon a promissory note, given by a person while under arrest on a complaint for larceny of property exceeding in value $100, to the owner of the property alleged to have been stolen, under an agreement that the complaint shall be placed on file, the plaintiff having received the note with notice of the circumstances; and the question of the guilt or innocence of the accused person is not open in such action.

CONTRACT upon a promissory note for $65, payable to Frank W. Keyes or bearer, and signed by the defendants. The answer alleged that the note was given for an illegal consideration, and that the plaintiff had knowledge thereof when he took it. Trial in the Superior Court, without a jury, before *Brigham,* C. J., who ruled that the action could not be maintained, and ordered judgment for the defendants; and the plaintiff alleged exceptions. The facts appear in the opinion.

*H. C. Joyner,* for the plaintiff.

*J. Dewey,* for the defendants.

FIELD, J. Charles M. Keyes was arrested on a complaint charging him with the larceny of property of the value of $200. The offence charged was a felony. Gen. Sts. *c.* 161, § 18; *c.* 168, § 1. The note in suit was given to Frank W. Keyes, whose property was alleged to have been stolen, and who " threatened to prosecute said complaint to the full extent of the law, unless his claim for his expenditures was paid." The note was given "to pay this claim, and thus induce said Frank W. Keyes to forbear to prosecute said complaint," " and, as a part of the arrangement, said Charles M. Keyes pleaded *nolo contendere* to the complaint, paid the costs, and it was laid on file." The plaintiff took the note, " having notice of the circumstances."

The court correctly ruled that the action could not be maintained, because it found as a fact that the note was given under an agreement that the complaint should be placed on file, which is in effect an agreement to suppress a criminal prosecution.

The fact that the special justice of the district court before whom Charles M. Keyes was brought for trial informally expressed the opinion that, on the facts stated, the complaint for

larceny could not be maintained, seems to us immaterial. Without considering whether it is open to the plaintiff in this action to contend that Charles M. Keyes was not guilty of the offence charged, we think that, when a person is under arrest on a criminal charge, to obtain from him and his friends a promissory note in payment of an alleged claim under a threat of prosecuting the complaint if the note is not given, and under an agreement not to prosecute it if the note is given, is in violation of law, equally whether the accused is guilty or not guilty; and that the guilt or innocence of the accused cannot be tried in this action. Such a proceeding is an abuse of criminal process, and such an agreement tends to the suppression of evidence, and impedes the due course of public justice. *Bigelow* v. *Woodward*, 15 Gray, 560.  *Clark* v. *Pomeroy*, 12 Allen, 557.  *Partridge* v. *Hood*, 120 Mass. 403.  *Lindsay* v. *Smith*, 78 N. C. 328.  *Gardner* v. *Maxey*, 9 B. Mon. 90.  *Coppock* v. *Bower*, 4 M. & W. 361.                            *Exceptions overruled.*