Rouse v. Mohr.

---

# H. G. Rouse
## v.
## Peter Mohr and Fred Glissman.

*Negotiable Instrument—Note—Surety—Illegal Consideration—Embezzlement—Agency—Duress—Pleading.*

1. An officer of the law has no authority to take a prisoner charged with embezzlement to a third person, at the request of the person suffering the loss, for the purpose of obtaining the signature of such third person as surety on the note signed by the prisoner, and given in settlement of such loss. An officer thus engaged is the agent of the person for whom he acts.

2. A note signed by one as surety upon the promise that the maker thereof shall not be prosecuted for embezzlement, being based upon an illegal consideration, is void.

[Opinion filed November 23, 1888.]

APPEAL from the Circuit Court of Macon County; the Hon. C. B. SMITH, Judge, presiding.

This action is assumpsit upon a promissory note, as follows:

$425.90.                PEORIA, Ill., February 20, 1884.

On or before eighteen months after date I promise to pay to the order of Geo. W. Rouse & Son, four hundred and twenty-five and 90-100 dollars, at their office in Peoria, value received, with interest at the rate of 8 per cent. per annum.

FRED GLISSMAN,

PETER MOHR.

Defendant Glissman was duly defaulted and judgment rendered against him for $548.70 and costs.

Defendant Mohr, by his plea and amended plea, avers as follows: "That said promissory note was by him executed and delivered under the following circumstances, that is to say: Before the time of the execution of said promissory note defendant Fred Glissman had been in the employment of the plaintiff and one George W. Rouse, who were doing business as co-partners by the name and style of G. W. Rouse & Son, in the city of Peoria, in this State; that it was alleged and claimed by said Rouse & Son that defendant Glissman had embezzled a considerable sum of money belonging to said firm while so in their employ; that for said alleged offense said firm had caused said Glissman to be arrested upon a warrant issued in the county of Peoria, said warrant being placed in the hands of one Fahey, an officer of said county, for the purpose of making said arrest; that while so under arrest said firm of Rouse & Son caused said Glissman to be taken while so in custody of said Fahey, to the county of McLean, in this State, and to the residence of this defendant in said county of McLean, for the purpose of procuring this defendant to become surety upon a promissory note for and with said Glissman; that it was represented by said officer so having said Glissman in his custody that unless said defendant would sign said promissory note as surety for said Glissman, he, said

Rouse v. Mohr.

Glissman, would be prosecuted for said alleged embezzlement, and put into the penitentiary; and that if this defendant would so sign said promissory note, said Glissman would be discharged from arrest and would not be further prosecuted. And this defendant, being a half brother of said Glissman, having had the same mother, and entertaining great sympathy for him, and being much distressed in his mind on account of said alleged offense and arrest, and being anxious to relieve him from further prosecution, did on account of said promise and for no other consideration whatever, execute and deliver said promissory note with defendant Glissman, and so the defendant says that said promissory note is void, and this he is ready to verify," etc.

To this amended plea plaintiff demurred, and also assigned the following special causes of demurrer:

"And for special causes of demurrer plaintiff shows:

"1st. That said plea is double, being both a plea that said note was executed by defendant Mohr under duress, and a plea of illegal consideration in executing said note under promise of plaintiff to compromise a criminal proceeding.

"2d. That said plea, so far as the same alleges that the consideration was an illegal promise of the plaintiff to compromise a criminal proceeding, does not allege that the plaintiff so agreed and promised, but that one Fahey so agreed and promised, and does not connect the plaintiff therewith.

"3d. It is uncertain from said plea whether the alleged threats and promises of said Fahey are inducement to the plea of duress or to the plea of fraudulent consideration.

"4th. Said plea does not allege that the warrant upon which said Glissman was arrested was illegally procured or issued, or if legally issued, was improperly or illegally used.

"5th. Said plea does not allege that the plaintiff did not procure said warrant and arrest in good faith.

"6th. Said plea does not allege that said note was taken for more than the amount actually due said Rouse & Son for moneys embezzled by said defendant Glissman."

The court below overruled said demurrer and plaintiff abided by the demurrer, whereupon the court gave judgment

for defendant Mohr, and plaintiff prayed and perfected his appeal.

Messrs. HOPKINS & HAMMOND, for appellant.

As we understand the law there is nothing in the fact that a man is under arrest for embezzlement to prevent him from paying back the money he has embezzled to the rightful owner, or securing it to him in any way he is able to do it, nor is there duress, fraud or want of consideration in taking the note of a friend or relative of the embezzler, who, without being misled or deceived, will give it as security through sympathy or a wish to shield his friend from prosecution, even though at the time the injured party promises that he will not prosecute the embezzlement.

When the plaintiff or prosecutor is *bona fide* pursuing legal redress of private wrongs, or protection from public wrongs, and the defendant assents to a just satisfaction in consideration of a release, this shall not be intended as duress to avoid the act. So it was ruled in McClintock v. Cummins, 3 Mc-Lean, 158; Crowell v. Gleason, 10 Me. 325, on a prosecution to keep the peace. Watterman v. Barrett, 4 Harr. 311. In Huggins v. People, 39 Ill. 241, the court ruled that a plea of duress by the surety which did not show that the imprisonment was unlawful was bad.

In Ford v. Cratty, 52 Ill. 313, Ford embezzled the money of one Furch, who sued out a warrant, and his attorney took the warrant to Ford and told him that if he did not pay or secure the money to Furch the criminal prosecution would be pushed against him. Ford then gave his note with sureties and the prosecution under the warrant was dropped. The action was upon the note so given, and the Supreme Court hold that under these circumstances it would not be regarded as having been given to compound a felony, inasmuch as the statute allows the injured party to recover from the wrongdoer that which belonged to him; nor did it make any difference that Ford would not have given him the note had he not been threatened with arrest and criminal prosecution.

Rouse v. Mohr.

Mr. J. S. NEVILLE, for appellees.

The consideration for this note was that defendant Glissman, who was guilty of a crime, should be discharged from arrest and no further prosecution urged against him for said crime. This being an illegal consideration the contract can not be enforced. Henderson v. Palmer, 71 Ill. 579.

In this case the court say that where a note was given in consideration of a promise made by the payee of the note, to cause a prosecution for a felony, then pending in the State of Tennessee against the son of the maker of the note, to be discontinued, it was held that the consideration was illegal and the note and mortgage securing it could be avoided.

In Schumer v. Farwell, 55 Ill. 542, the court say: "A person prosecuting another upon a charge of a crime may receive from the accused private satisfaction for his private injury, and the fact that he receives this while the prisoner is in confinement, and forbears further prosecution, does not of itself render the transaction illegal. But if the imprisonment be lawful, yet if the prosecutor detain the prisoner unlawfully, this is duress, and will not avoid the deed."

Schenk v. Phelps, 6 Ill. App. 612, is nearly exactly the same kind of a case as this. In that case Schenk was arrested in Chicago and taken to the home of his father near Wilmington, Ill., for the purpose of getting his father to sign the note as security, which was done, and the young man was released, as was Glissman in this case.

In Heaps v. Dunham, 95 Ill. 584, the court say: "A promissory note given in settlement for a crime is without consider, ation, and it can not, while it remains in the hands of the payee, be enforced in a court of law or equity."

In Tobey v. Robinson, 99 Ill. 222, the court say: Nothing is better settled in the law of contracts, than if any part of the consideration upon which a promise rests is illegal, the entire promise fails.

In Gorham v. Keyes, 137 Mass. 583, the court say: "We think that when a person is under arrest on a criminal charge, to obtain from him and his friends a promissory note in payment of an alleged claim, under a threat of prosecuting the

complaint if the note is not given, and under an agreement
not to prosecute if the note is given, is in violation of law
equally whether the accused is guilty or not guilty.   Such a
proceeding is an abuse of criminal process, and the note so
obtained is void."

In Hackett v. King, 6 Allen p. 58, the court say : " Though
a person is arrested under a legal warrant by a proper officer,
yet, if one of the objects of the arrest is to extort money or
enforce a settlement of a claim, such an arrest is false imprison-
ment by all who have procured or participated in the procure-
ment of the arrest, and a release or conveyance of property
obtained by means of such arrest is void."

In Shaw v. Spooner, 9 N. H. 200, the court say: " If, having
arrested the defendant, any part of the consideration of a note
given in settlement of a claim was that the process should be
discontinued and the defendant released from arrest, such
consideration was illegal and the note therefore void."

In McMahan et al. v. Smith, 47 Conn. 221, the court say:
" A man having been arrested upon a criminal prosecution for
obtaining goods under false pretenses, and his wife agreeing
with the parties from whom the goods were obtained and
who had procured the prosecution that she would give a note
with her husband for the value of the goods and secure it by
mortgage on her real estate if they would procure the aban-
donment of the criminal proceeding and release her husband,
held, that the note was void, as being upon an illegal consid-
eration."

*Per Curiam.*   The plea of Mohr presented a good defense
to the note.   It avers that appellants caused the officer who
had arrested Glissman in the county of Peoria, and then held
him in custody, to take him to McLean county for the purpose
of procuring appellee to become surety for Glissman upon the
note.   This the officer had no authority to do as an officer of
the law, and while engaged in such work his declarations to
appellee would bind appellants, as their agent.   The plea
further avers that such officer threatened Glissman with the
penitentiary if appellee did not sign the note, and promised to

relieve him and stop further prosecution if he did so sign it, and that such promise was the sole and only consideration for the signature of appellee.

A note based upon such a consideration is illegal and void, and its enforcement by the courts would be against public policy. Henderson v. Palmer, 71 Ill. 579; Gorham v. Keyes, 137 Mass. 583.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*